MAY PFLUG and GERTRUDE BURKARD, as Beneficiaries under Certain Trusts Created in the Last Will and Testament of PHILIP DIETZ, Deceased, Respondents, *v.* EMIL DIETZ and Others, Individually and as Executors of and Trustees under the Last Will and Testament of PHILIP DIETZ, Deceased, and Others, Appellants, Impleaded with KATHERINE DIETZ, Defendant.

Second Department, November 4, 1940.

*Howard A. Rochford,* for the appellants.

*Herman Block,* for the respondents.

PER CURIAM. This is an action in equity. In the first cause of action plaintiffs, on behalf of the stockholders of the corporate defendant, sue for an accounting of the official acts of certain individual defendants as officers and directors of the corporation, and pray for other appropriate relief. In the second cause of action, purporting to act in the same representative capacity, plaintiffs seek to set aside, because of alleged fraud and duress practiced upon them by certain individual defendants, an agreement for the sale to the latter by plaintiffs of stock of the corporate defendant. Plaintiffs offer to restore the consideration by them received and to do equity otherwise, as a condition of being awarded relief. Each cause of action, as pleaded, purports to be a representative or derivative one.

An order was duly made at Special Term denying a motion of appellants to dismiss the complaint as to both causes of action. The grounds of the motion were (a) that on the face of the complaint it does not state facts sufficient to constitute a cause of action in either of the causes attempted to be pleaded; and (b) that it appears on the face thereof that neither plaintiff has legal capacity to sue, for the reason that as to the first cause of action plaintiffs have failed to allege that when the action was instituted they were stockholders of the corporate defendant, and that in the second cause of action plaintiffs' suit is based on an agreement executed by them respectively as individuals, whereas they purport to sue in a representative capacity. Such order also granted plaintiffs' cross-motion to amend the summons, complaint and all subsequent pleadings and proceedings by describing the plaintiffs " individually and as beneficiaries under certain trusts * * *." From that order this appeal is taken.

Plaintiffs have no standing to maintain the alleged first cause of action. They are not shown to be legally or equitably stockholders of the corporate defendant as of the time of the commencement of the action. (*Miller* v. *Miller,* 256 App. Div. 846; affd., 280 N. Y. 716; *vide Edelstein* v. *Frank* [*Appeal No. 2*], 208 App. Div. 790; *Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121, 124.) It is insufficient for them to plead, as in effect they do, that plaintiffs are interested as legatees or beneficiaries in an estate

which holds stock of the corporate defendant.    (*Miller* v. *Miller*, *supra.*)

The amendment granted upon plaintiffs' cross-motion was properly allowed in the exercise of discretion.    Plaintiffs should not be remitted to a separate action to enforce their rights as claimed in the second cause of action.

The order, in so far as it denies the motion to dismiss the first cause of action, is erroneous, but it is otherwise correct.

The order appealed from should be modified by striking from the first ordering paragraph the word " denied " and inserting in place thereof the word " granted." As thus modified, the order should be affirmed, without costs, with leave to appellants to answer within ten days from the entry of the order hereon.

LAZANSKY, P. J., HAGARTY, CARSWELL and TAYLOR, JJ., concur; ADEL, J., not voting.

Order modified by striking from the first ordering paragraph the word " denied " and inserting in place thereof the word " granted." As thus modified, the order is affirmed, without costs, with leave to appellants to answer within ten days from the entry of the order hereon.