GERTRUDE W. LAW, Individually and on Behalf of All Other Stockholders of Alexander Smith & Sons Carpet Company, Similarly Situated, Plaintiff, v. ALEXANDER SMITH & SONS CARPET COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, September 30, 1946.

*Rogers & Condon* for plaintiff.

*Davis Polk Wardwell Sunderland & Kiendl* for defendants.

O'BRIEN, J. This is a motion under subdivision 3 of rule 107 of the Rules of Civil Practice for an order dismissing the complaint on the ground that the plaintiff lacks legal capacity to bring this action. The complaint contains three causes of action, the first two being brought by plaintiff in a derivative capacity and the third charging deprivation of her pre-emptive rights to purchase a prorata share of a new issue of stock. Plaintiff's interest in the corporation, on whose behalf the action is instituted, arises under her husband's will, by the terms of which she was bequeathed certain of his stock holdings. Acting under the privilege provided for in the Decedent Estate Law, plaintiff elected to take the share of a spouse of an intestate in lieu of the testamentary provision.

In the first cause of action it is alleged that the defendant company, on whose behalf this action is brought, decided to issue additional common and preferred stock; that at a meeting of the stockholders of the company on February 28, 1946, it was resolved to increase the company's stock by the issuance of additional shares of preferred and common stock. It is further alleged that at that stockholders' meeting certain resolutions were passed amending the charter of the company and denying pre-emptive rights with respect to the common stock to the old stockholders of the company. A certificate to that effect was filed by the directors with the Secretary of State, pursuant to section 36 of the New York Stock Corporation Law. It is further alleged that certain common and preferred shares of the company, issued pursuant to the corporate actions just described, were offered for sale to the public on April 3, 1946, through Morgan, Stanley & Company and Dominick & Dominick, underwriters selected by the defendant directors.

The complaint charges that the fair market value of the preferred shares proposed to be issued amounted to $5,250,000,

and that of the common stock to $6,252,500. The complaint further sets forth that the individual directors, acting in concert with the underwriters just mentioned, who are also defendants herein, realized approximately $1,500,000 less on the sale of the new stock issue than its fair market value. It is also claimed that the company was improperly deprived of this amount, but no claim is made either that the individual defendants or the underwriters made secret profits at the expense of the corporation, or that there was any fraud or bad faith involved.

The second cause of action contains the same allegations, together with an additional allegation that these acts were committed pursuant to a scheme whereby the stockholders in control of the company desired to deprive the plaintiff and other stockholders of the company of their pre-emptive rights to purchase the new stock in order to create a ready market for the sale of their own stock. Although in this cause of action plaintiff herself claims to have suffered damage in the amount of $100,000, it would appear that this second cause of action is also brought on behalf of the company, the plaintiff suing in a derivative capacity, since the allegations of paragraphs 27 and 31 are incorporated by reference.

In the third cause of action, plaintiff claims that she was unlawfully deprived of her pre-emptive rights to purchase her prorata share of the new issue of stock, and that the amendment to the company's charter permitting the abolishment of pre-emptive rights was illegal and unconstitutional.

Although plaintiff concedes that at the time of the commencement of this action and at all times mentioned in the complaint the stock in question was registered on the books of the company in the name of the " Estate of Henry H. Law " and that the executor, who is not a party plaintiff or defendant, has actual legal title, she nevertheless claims that she is the " equitable and beneficial " owner of the stock and that this interest establishes her right to institute an action in the capacity of a stockholder.

The basis of the defendants' motion, as addressed to the first two causes of action, is that plaintiff lacks legal capacity because she was not a stockholder at the time the transaction complained of took place, as provided for by section 61 of the General Corporation Law, and that the equitable or beneficial interest claimed by plaintiff does not create a stockholder status sufficient to warrant the actions alleged in the complaint.

In the United States court such an ownership or interest has been held sufficient to permit the institution of a similar action (*Hurt* v. *Cotton States Fertilizer Co.*, 145 F. 2d 293, certiorari denied 324 U. S. 844).

Section 61 of the General Corporation Law, or at least so much thereof as is here pertinent, was taken verbatim from the Federal rule applicable when the *Hurt* case (*supra*) was determined. Since the amendment of section 61 of the General Corporation Law (L. 1944, ch. 667, eff. April 9, 1944) I have found no New York case, and none has been cited, wherein the sufficiency of a beneficial ownership has been passed upon. The cases relied upon by the defendant, *Miller* v. *Miller* (256 App. Div. 846, affd. 280 N. Y. 716 [1939]) and *Pflug* v. *Dietz* (260 App. Div. 503 [1940]), were decided prior to the amendment of section 61 of the General Corporation Law and in each it has been held that a person interested as a beneficiary, legatee or otherwise in an estate which holds certain stock of a corporation is not a stockholder entitled to bring suit for or against the corporation.

Plaintiff urges that the amendment of section 61 of the General Corporation Law superseded and overruled these cases. Nothing in this section indicates specifically any intention on the part of the Legislature to change the rules already laid down by our courts as to what type of ownership was necessary to qualify a person as a stockholder. It merely prescribed the time which the plaintiff had to be a stockholder in order to maintain such a suit. The *Hurt* case (*supra*), relied upon by the plaintiff, was not determined at the time the amendment to section 61 of the General Corporation Law was adopted. It can hardly be said that the Legislature meant to incorporate the decision of a Federal court into the law of this State when the court had not even rendered the decision.

In the absence of language clearly indicating the intent of the Legislature to supersede existing case law, this court will not overrule existing decisions of our appellate court.

The motion so far as it seeks to dismiss the first and second causes of action is granted.

The motion for a dismissal of the third cause of action is also granted.

The language of section 39 of the Stock Corporation Law clearly gives pre-emptive rights to "Holders of record of shares * * *." Plaintiff is not such and even if the action of the corporation in refusing to transfer the one-hundred-

share certificate (acquired subsequent to the commencement of this action) was improper, plaintiff was not a shareholder of record at the time of the meeting at which the claimed pre-emptive rights were abolished, nor was she a shareholder at the time of the commencement of this action. It appears conclusively that a further pleading is unwarranted. Judgment therefore is directed dismissing the complaint. Settle order.