George A. Arkwright, J.
This is a motion by defendants for an order dismissing the complaint pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice upon the ground that plaintiff does not have legal capacity to sue.
The complaint alleges, in substance, that one Harry Li Castri, who was the holder and owner of record of all the outstanding stock of the two defendant corporations, died intestate, a resident of the State of New York, on September 22, 1955, leaving him surviving a widow and six children; that letters of administration were issued to deceased’s widow on October 19, 1955 by the Surrogate of New York County; that one of the aforesaid children, the infant plaintiff herein, was entitled “ under the intestacy laws of the State of New York to a one-ninth interest of the capital stock of both defendant corporations in the name of said Harry Li Castri at the time of his death and became thereby, at least, the equitable owner of a one-ninth interest of defendant corporations at the time of the transactions complained of that the officers and directors of the defendant corporations and others, who are named defendants herein, participated in misappropriation and wasting of the assets of the corporate defendants; that this action is commenced and prosecuted by plaintiff on her own behalf and on behalf of and for the benefit of said defendant corporations and all other stockholders of said corporations. The relief sought, in substance, is that the damages suffered by the defendant corporations be determined by the court and that the individual defendants account and otherwise respond to the defendant corporations for losses sustained.
On behalf of defendants, it is asserted that the shares of stock issued to decedent before his death became assets of his estate; that plaintiff, as a distributee of his estate, is not a stockholder, *831 legal or equitable, of the corporations and, therefore, lacks capacity to institute a representative action.
By amendment of section 61 of the General Corporation Law in 1944 (L. 1944, ch. 667), an additional paragraph was enacted as part of that section which reads as follows: “ In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law. ’ ’
The language of this section clearly includes within its operation a party in the status of plaintiff herein as alleged in the complaint (Singer v. State Laundry, 188 Misc. 583). In this case the court stated at page 586: “ I hold that insofar as the plaintiff, Claire Abrahams Singer, is suing as a stockholder, she is entitled to claim damages done to the corporation from the date her father died, at which time she became equitably entitled to one fifth of the shares of stock in the corporation.”
This view is confirmed by the holding of the court in Law v. Smith & Sons Carpet Co. (271 App. Div. 705) wherein, in reversing an order of Special Term (189 Misc. 200) the appellate court upheld a contention similar to that made by plaintiff in the instant case.
However, although the complaint alleges that plaintiff was an equitable owner of a one-ninth interest of defendant .corporations at the time of the transactions complained of it fails to allege plaintiff’s interest, if any, at the time of the commencement of the action, and is, therefore, defective in this respect (Law v. Smith & Sons Carpet Co., supra).
The court, therefore, grants the motion to dismiss the complaint, with leave to plaintiff to serve an amended complaint, within 10 days after service of a copy of the order to be entered herein.