## HURT v. COTTON STATES FERTILIZER CO. et al.

### No. 11122.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3. 1944.

Rehearing Denied Dec. 13, 1944.

294

N. J. Durant, of Miami, Fla., for appellant.

Charles J. Bloch and Ellsworth Hall, Jr., both of Macon, Ga., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Plaintiff's father, and testator, owned stock in the defendant corporation which he residuarily bequeathed to the plaintiff, and five others. When the then sole surviving and qualified executor, being financially unable, declined to bring suit for alleged fraudulent acts of the corporate management, plaintiff and his sister-in-law purchased all of the stock held by the executor and shortly thereafter filed suit herein.

Diversity of citizenship is appropriately alleged but it was asserted successfully in the Court below that under Section 22-711, Code of Ga. of 1933, and Rule 23 (b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the plaintiff could not maintain this action against the corporation for the reason that he was not "a stockholder in a corporation so as to be in position to bring a derivative action against that corporation." (Prior to final decree the cause was voluntarily dismissed as to the sister-in-law.)

The point was also vigorously asserted below, and here, that the plaintiff did not file the affidavit, required under the second provision of Federal Rule 23, that the action was not collusively brought in order to confer jurisdiction upon the Court.

Answers and motions to dismiss were filed and it appears that evidence was taken on the motions to dismiss. The Court below entered an order of dismissal, after making findings of fact and conclusions of law.

Several defects in the complaint were noted by the lower Court, but the rationale of its decision was stated thusly: "A residuary legatee under a will, which, among other property disposes of corporate stocks, where there are outstanding debts and the estate has not been wound up, where no distribution in kind has been made of the stocks, where the Executor has power to sell the stocks for payment of debts of the estate, and where the legatee has never been in a position to demand or require a distribution of the residuary, is not a stockholder in a corporation so as to be in position to bring a derivative action against that corporation under Section 22-711 of the Code of Georgia of 1933 and/or under Rule 23 of the Federal Rules of Civil Procedure."

The other defects in the complaint, as pointed out by the lower Court, could have been cured by amendment, but in view of the Court's conclusion that the plaintiff had never been a stockholder in the corporation so as to be in position to bring a derivative action against it under the statute and rule, it was needless for the Court below to make findings on the question of collusion and other amendable defects in the

complaint. It was doubtless because of the conclusion that no cause of action lay in the plaintiff under the facts and circumstances that the privilege of amendment to the complaint was not deemed worthwhile by the Court below.

As discerned by the lower Court, the chief question is whether or not a legatee of stock in a corporation has such an equitable interest that he may seek to protect the value of such stock by a suit in behalf of the corporation for the redress of wrongs committed against the corporation by the controlling officers and directors, in the light of the aforementioned statute and rule. In the event the answer is in the affirmative, other questions will be presented for discussion.

■ Whether the case is considered in the light of the Federal Rule or the Georgia Statute is immaterial because in each the allegation that the petitioner was a stockholder at the time of the transaction of which he complains, or that his shares have devolved upon him by operation of law, is required. Since there is no devolution of title to the shares by operation of law in the present case we have to consider whether or not one must have the *legal* title to shares of stock in the corporation at the time of the transaction complained of or whether the owner of an equitable title, or an equitable interest, in such stock might not also resort to the Court for the protection of that title or interest from depredation by the corporate management.

■ We think the question must be answered in the affirmative. The executor under the will, having the right to sell stock to pay the debts of the estate, had the legal title thereto, nevertheless he was a trustee of the legal title with the beneficial, or equitable, title in the legatees, charged with the liability for payment of debts of the testator and expenses of administration. Since equity regards substance rather than form, the equitable title, in the absence of intervening rights of third parties, is superior to the naked legal title. In equity, therefore, the owner of the equitable title to shares of stock is a stockholder in a fuller sense than is the owner of the naked legal title. Assuredly it is not the purpose of either the statute or the rule to afford the holder of the naked legal title to shares of stock a right of action and to deny the holder of a higher right, the equitable title, such a privilege. The protection of the law would hardly be denied to the owner of the substance, meanwhile being accorded to the holder of the shadow. We do not believe that it was the purpose of either the rule or statute to deny the process of the Court to the owner of an equitable right, title, or interest in stock, regardless of whether that right be vested or contingent.

It has been held by this Court in Arcola Sugar Mills v. Burnham, 5 Cir., 67 F.2d 981, that the pledgee of corporate stock could qualify under the rule and maintain such an action, and the courts of Georgia have held in Scott v. Flint River Pecan Company, 159 Ga. 668, 126 S.E. 769, and in Andrews Company v. National Bank, 129 Ga. 53, 58 S.E. 633, 121 Am.St.Rep. 186, 12 Ann.Cas. 616, that a pledgee of corporate stock has an interest which he may protect and preserve, and that the rights of a pledgee are essentially the same as those of the owner of stock. See also 13 Amer. Jur. page 510, sec. 465.

We conclude, therefore, that an owner of the equitable title, or an equitable interest in the title, to shares of stock is not prevented by the Georgia Statute or the Federal Rule from maintaining a suit which seeks to protect stock in which he has such an ownership or interest from impairment or loss.

■ It is urged, however, that there were creditors of this estate and that rights of creditors of an estate are paramount and supersede the interest of a legatee. This question is not presented in the present state of the record for the reason that the only definite debt established was one of $2,000, even though an undetermined claim is pending, and if the corporation had paid the annual dividends on the stock, as these legatees had a right to expect, without doubt the dividends would have exceeded the amount of the debts. At any rate, the record does not show that there were sufficient debts to consume the equities of the legatees.

The plaintiff is not a stranger, volunteer, or interloper, and where the personal representative of the deceased father had declined to sue, it would be a strange rule, indeed, which would prevent a son from seeking to protect the patrimony of that father from the ravages of the fraudulent and dishonest, merely because that son had been held out of the legal title and present possession of the stock on account of unpaid debts of the estate, the default in the payment of which may have been

proximately occasioned by the default of the corporation in not paying the dividends which it had contracted to pay on such stock.

■ It is next asserted that the plaintiff, at the time of bringing suit, was not a legatee but a purchaser, and that the transgressions complained of occurred prior to his purchase of said stock and that by virtue thereof he has no right of action.

Plaintiff was a legatee under his father's will and concededly the transactions complained of occurred while he occupied that status and before he became the owner of the legal title to the stock, but the merger of his rights as a legatee, or the merger of his equitable interest with his legal title, did not destroy the fact that he was, nevertheless, a legatee to the extent of his one-sixth interest, or the equitable interest which he acquired under the will of his father. Certainly he had no less right or estate than he had before the purchase of the stock. His acquisition of a larger interest did not destroy any right of action against the defendants that had already adhered to his prior lesser interest.

■ The contentions that the stock was sold to pay debts and that this sale extinguished all contingent interest of the plaintiff in the stock, or that the plaintiff was never, between the death of his father and the date of the suit, in position to demand or enforce of the executor a distribution in kind of the stock, are without force here. If the dividends had been paid on the stock in accordance with the contract of the corporation, doubtless all debts would have been paid long prior to the bringing of the suit. The defendants could not take advantage of defaults of their own contriving. So far as these defendants are concerned equity will regard that as having been done which should have been done.

■■ It does not appear that Mrs. Mabel Hurt Bickerstaff ever qualified or undertook to act as executor of the estate of Joel Hurt, Sr., and if she did not it was, of course, unnecessary to make any request upon her to bring suit. The fact that Frampton E. Ellis, who seems to have qualified as administrator de bonis non of the Hurt estate on June 5, 1944, nine days before this suit was begun, was not requested to file suit is unimportant for the reason that said Ellis was not an executor or administrator at the time of the alleged request by the plaintiff, and there appears to have been no continuing duty upon the plaintiff to make such request of every succeeding executor or administrator. Moreover, it does not appear how the said Frampton E. Ellis could have brought the suit in view of the fact that the sole executor before the appointment of Ellis had parted with the legal title to the stock by a sale to appellant.

The Court below had before it the question of whether or not the transfers were collusively made in order to deprive the Court of jurisdiction, but stated that it deemed it unnecessary to decide this matter. Notwithstanding this language the Court below must have considered that it had jurisdiction or else it could not have made a final determination of the case. Be that as it may, under the Federal Rules, which permit amendments even after verdict, the plaintiff would have been entitled to have amended the affidavit to his complaint.

It was error to dismiss the complaint for it contained equity.

The cause is reversed and remanded for further and not inconsistent proceedings.

Reversed and remanded.