## H F G CO. v. PIONEER PUB. CO.
### No. 9249.

Circuit Court of Appeals, Seventh Circuit.
May 23, 1947.

Thomas C. McConnell, of Chicago, Ill., for appellant.

Howard Ellis, Andrew C. Hamilton, Bennitt E. Bates, all of Chicago, Ill., for appellee Pioneer Pub. Co.

Thomas A. Walpole, of Chicago, Ill., for appellees Lynn S. Snow, Frank M. Pebbles, and M. L. Walpole.

Frank S. Righeimer, of Chicago, Ill., for appellee Arthur E. Beeman.

Henry F. Tenney and George E. Howell, both of Chicago, Ill., for appellees Telfer MacArthur and Clara M. Hahn.

John L. Davidson, Jr., of Chicago, Ill., for appellee Arthur J. Howard.

William J. Matthews, of Chicago, Ill., for appellee John A. Manley.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This action was instituted by the plaintiff, a Delaware corporation, as a stockholder's suit to assert the rights by derivative action of Pioneer Publishing Company, an Illinois corporation, in and to certain monies alleged to have been embezzled by Telfer MacArthur, a defendant and the president of defendant corporation, and certain shares of stock alleged to have been illegally issued to said Telfer MacArthur. Jurisdiction was predicated upon diversity of citizenship with the requisite allegation as to the amount in controversy.

The appeal comes from the order of the District Court dismissing the complaint as insufficient to meet the requirements of Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The rule, so far as here material, provides:

"In an action brought to enforce a secondary right on the part of one or more shareholders * * * the complaint shall * * * aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains * * *."

The lower court in a memorandum opinion held that the plaintiff was not a "shareholder" as contemplated by this rule. The complaint alleged that plaintiff "is now and has been at all times hereinafter complained of the owner of 6538 shares of the common stock of Pioneer Publishing Company, an Illinois corporation, defendant herein." The motion to dismiss attacks this allegation as insufficient and asserts that the plaintiff "is not and never has been during the transactions complained of herein a shareholder of Pioneer Publishing Company under the laws of Illinois, the State of incorporation of the latter corporation." Plaintiff submitted an affidavit by one of its officials concerning the ownership of its shares in the defendant corporation. An affidavit was also submitted by the defendant MacArthur, showing that no stock of the defendant corporation had been issued to the plaintiff and that it had never been a shareholder of record. We think it unnecessary to relate the details of these affidavits. For the purpose of the question before us, it is conceded that the plaintiff was the sole equitable and beneficial owner of the shares described in its complaint and that it had owned such shares since long prior to the time of the grievances complained of. It is also conceded that plaintiff was not a shareholder of record of the defendant corporation and that the certificate evidencing its shares was issued to its nominee who endorsed and delivered the same to the plaintiff.

The single contested issue, therefore, is whether the equitable and beneficial owner of non-recorded shares of stock in a corporation is a "shareholder" so as to be entitled to maintain a shareholder's suit on behalf of such corporation under Rule 23(b). It is the contention of the defendants, sustained by the lower court, that the question as to who is a "shareholder" is one of substantive law to be determined by the rule of Illinois. On the other hand, it is the contention of the plaintiff that the rule is strictly procedural and that the question must be determined irrespective of local law.

That the effect to be given this rule has engendered a vast amount of contrariety of opinion is evidenced by the decisions. In Hurt v. Cotton States Fertilizer Co., et al., 5 Cir., 145 F.2d 293, 295 (certiorari denied 324 U.S. 844, 65 S.Ct. 679, 89 L.Ed. 1406), the court held that it was not necessary that the plaintiff hold the legal title to the stock but that it was sufficient if it was the owner of an equitable interest. The court stated (page 295):

"In equity, therefore, the owner of the equitable title to shares of stock is a stockholder in a fuller sense than is the owner of the naked legal title. Assuredly it is not the purpose of either the statute or the rule to afford the holder of the naked

legal title to shares of stock a right of action and to deny the holder of a higher right, the equitable title, such a privilege. The protection of the law would hardly be denied to the owner of the substance, meanwhile being accorded to the holder of the shadow. We do not believe that it was the purpose of either the rule or statute to deny the process of the Court to the owner of an equitable right, title, or interest in stock, regardless of whether that right be vested or contingent."

It appears that the court considered the applicable State law and found nothing either in the rule or in the State statute which prevented an equitable owner from maintaining such a suit.

In Richardson, et al. v. Blue Grass Mining Co. et al., D.C., 6 Cir., 29 F.Supp. 658, 665, affirmed on the lower court's opinion, 127 F.2d 291, certiorari denied 317 U.S. 639, 63 S.Ct. 30, 87 L.Ed. 515, the court without reference to local law stated:

"Some authorities hold that only a stockholder of record is qualified to maintain such a derivative suit, but the weight of authority seems to be that the owner of an equitable interest in corporate stock is likewise entitled to maintain the action."

In Perrott v. United States Banking Corp., et al., D.C., 53 F.Supp. 953, upon a motion to dismiss the complaint for failure to allege that the plaintiff was a shareholder, the court ignored the State rule. It stated (page 956):

"Simply because a particular plaintiff cannot qualify as a proper party to maintain such an action does not destroy or even whittle at the cause of action. * * * The criticism that federal courts will not be dispensing the same justice that could be obtained in a state court in stockholders' derivative actions if Rule 23(b) is applied when in conflict with the state rule, ignores one of the original purposes of promulgating the rule and the evils it attempts to destroy."

In Goldstein v. Groesbeck, et al., 2 Cir., 142 F.2d 422, 154 A.L.R. 1285, the plaintiff was merely a shareholder in a corporation which owned stock in the corporation whose acts were complained of. In permitting the plaintiff to maintain its suit,

the court pointed out at page 425 that Rule 23(b) "is only a scrupulous re-enactment" of Equity Rule 94, later Equity Rule 27, 28 U.S.C.A. § 723 Appendix.

In Sale v. Pittsburgh Steel Co., et al., D. C., 57 F.Supp. 283, 285, the allegations of the complaint as to ownership were quite similar to those of the instant case. The complaint alleged that plaintiff acquired the stock on certain dates and "at all times since said date has been, the owner and holder of such stock." The court held "That averment, in our judgment, meets the requirement of Rule 23(b)."

In Gallup v. Caldwell, et al., 3 Cir., 120 F.2d 90, at page 93, the court, in a situation similar to the instant one, stated:

"It is established that this plaintiff was not a registered shareholder, at the time the action was begun. The question is not merely a procedural one, such as whether an action may be maintained by the real party in interest who is not the owner of a legal title (Goodrich, Conflict of Laws, 2d Ed. 1938, 191), but the substantive one whether one who is not a shareholder of record may assert shareholder's rights either on behalf of or against the corporation. That is a question of the law of New Jersey, the state under the law of which this company was incorporated."

The court concluded that under the New Jersey law an equitable owner could maintain the action.

Mullins v. De Soto Securities Co., Inc., et al., D.C., 45 F.Supp. 871, is another case where the court held that an equitable owner of shares could maintain an action under Rule 23(b). The court was of the view that the local law was not inconsistent with the rule. Nevertheless, it stated at page 878:

"If there be doubt as to whether or not the Louisiana rule be a duplicate of the Federal Rule of Civil Procedure 23(b), under such circumstances the proper course seems to be to follow the rule laid down in Rule 23(b)."

The uncertainty attending the rule in question is further evidenced by the report of proposed amendments to the rules made June 14, 1946 by the Advisory Committee on Rules for Civil Procedure. U.S.C.A.

1947 Special Pamphlet to Title 28, §§ 721-723. The Committee, after quoting the rule, states (page 19):

"As a result of the decision in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 [82 L.Ed. 1188, 114 A.L.R. 1487] (decided April 25, 1938, after this rule was promulgated by the Supreme Court, though before it took effect) a question has arisen as to whether the provision above quoted deals with a matter of substantive right or is a matter of procedure."

The Committee states the history of the rule as follows:

"Following the decision in Hawes v. Oakland [104 U.S. 450, 26 L.Ed. 827], and at the same term, the Court, to implement its decision, adopted Equity Rule 94, which contained the same provision above quoted from Rule 23 F.R.C.P. The provision in Equity Rule 94 was later embodied in Equity Rule 27, of which the present Rule 23 is substantially a copy."

The Committee, after citing and quoting from numerous cases construing the rule, states (page 22):

"The decisions here discussed show that the question is a debatable one, and that there is respectable authority for either view, with a recent trend towards the view that Rule 23(b) (1) is procedural."

As the Committee points out, the rule under discussion presents no innovation but merely embodies a principle of equity recognized by the Federal courts since the adoption of Equity Rule 94 following the decision of the Supreme Court in the Hawes case in 1882.

Rule 1, entitled "Scope of Rules," provides: "These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity * * *." The Enabling Act, 28 U.S.C.A. § 723b, empowers the Supreme Court to prescribe general rules of procedure with the limitation that they "neither abridge, enlarge, nor modify the substantive rights of any litigant." Furthermore, it was provided, Sec. 723c, that the rules should not take effect until the expiration of a designated time after they had been reported to Congress. In Sibbach v. Wilson & Co., Inc., 312 U.S. 1, at pages 13, 14, 61 S.Ct. 422, at pages 426, 427, 85 L.Ed. 479, the court stated that the rule there under discussion "if within the power delegated to this court, has the force of a federal statute," and, "Moreover, in accordance with the Act, the rules were submitted to the Congress so that that body might examine them and veto their going into effect if contrary to the policy of the legislature."

Thus, the rules having been prescribed by the Supreme Court, as rules of procedure under the limitation imposed by Congress that the substantive rights of any litigant should not be altered, it would appear that one who asserts that this rule (or any rule) deals with matters of substantive law rather than procedure carries a heavy burden. Also, we are of the view that a strong presumption exists that the Supreme Court in prescribing the rules acted within the power delegated to it by Congress, and that the court and Congress, as well as others who labored in connection therewith, thought that the rule in question was one of procedure and that its adoption would not affect the substantive rights of any litigant. Furthermore, we think that the determination as to whether a mistake has been made in this respect can more appropriately be made by the Supreme Court, which is given the power to amend.

The Advisory Committee in its report (heretofore referred to) apparently reasoned in a similar manner. Although recognizing the contrariety of views held by different courts, it proposed no amendment or change in the rule. It stated (page 22):

"There is reason to say that the question is one which should not be decided by the Supreme Court ex parte, but left to await a judicial decision in a litigated case, and that in the light of the material in this note, the only inference to be drawn from a failure to amend Rule 23(b) would be that the question is postponed to await a litigated case."

█ We are of the view that this rule makes no change in the substantive right of a litigant but merely reiterates an equitable principle recognized by the Federal courts for the past sixty-five years. The right was proclaimed by this court in Citizens'

Savings & Trust Co., et al. v. Illinois Central R. Co., et al., 7 Cir., 182 F. 607, decided in 1910. In holding that the beneficial owner of stock certificates was a stockholder under Equity Rule 94, this court said at page 611:

"The claim that the suit is violative of equity rule 94, in that the bill does not show that complainants were stockholders at the time of the transactions complained of, * * * is in our opinion utterly unwarranted. * * * The owner of a paid stock subscription is the full beneficial owner of the stock. A stock certificate is merely evidence of ownership; and, during the time in which a company fails or refuses to issue a certificate to a subscriber who has paid in full, the company is at most only the holder of the naked legal title in trust for the beneficial owner."

We think plaintiff's allegation that it was the equitable and beneficial owner of stock in the defendant corporation in the manner heretofore related was a sufficient allegation that it was a "shareholder" as contemplated by the rule. The word "shareholder" in its ordinary and generally accepted meaning, as well as that long ascribed to it by Federal courts prior to the adoption of the rule, is sufficiently broad to include the equitable as well as the legal owner. If the rulemakers had intended that a "shareholder" be limited to one of record, they could have readily so provided. To hold that the application of the rule is dependent upon local law means that the rule is or may be controlled at the will of the State. Certainly such an incongruous result was not intended, and we think it was not accomplished.

Furthermore, it seems unreasonable to think that the rule contemplates the right to proceed in a Federal court by one in whose name the stock in a corporation has been issued merely because such stock is recorded but who as a matter of fact owns nothing, and at the same time deny such right to one who owns all the equitable and beneficial interest in the stock merely because it was not issued in his name and therefore not of record. That is precisely the situation with which we are here confronted. Plaintiff as a matter of fact is the absolute owner of the stock and has in its possession the certificates evidencing such ownership, while the person to whom the stock was issued and in whose name it is recorded is a mere dummy and in reality owns nothing. It is our view and we so hold that plaintiff was entitled to maintain its suit under Rule 23(b), and this without regard to local law.

Notwithstanding the conclusion just stated, we have as a matter of precaution examined the law of Illinois. Here again, we do not agree with the defendants' contention embraced by the lower court that the local rule precludes a non-registered shareholder from proceeding under Rule 23(b). In fact, the Supreme Court of Illinois, in Green v. Hedenberg, 159 Ill. 489, 42 N.E. 851, 50 Am.St.Rep. 178, has expressly held to the contrary. The court stated (159 Ill. at page 493, 42 N.E. at page 853):

"It is well settled in this State, that where the officers of a corporation wrongfully deal with its property to the injury of stockholders, the latter may maintain a bill against the company and its officers for relief against such misappropriation."

That the plaintiff in the case was the owner of only an equitable interest is shown by the following statement (159 Ill. at page 494, 42 N.E. at page 853):

"It is true in this case the complainant was only a stockholder by reason of his holding the 750 shares of stock as collateral security, but if, as alleged, that security was impaired by a misappropriation of the corporate funds, we see no reason, and none is even attempted to be shown, why he might not, as any other stockholder, maintain the bill."

Defendants cite no case and we find none where an Illinois court has altered the rule thus stated. However, it is argued that this decision is no longer the law of Illinois because of the definition given the word "shareholder" in the Illinois Business Corporation Act subsequently enacted. This Act, Sec. 2, subdivision (g), 1945 Ill.Rev. Stat., Chap. 32, Sec. 157.2 (g), provides: "As used in this Act, unless the context otherwise requires: * * * (g) 'Shareholder' means one who is a holder of record of shares in a corporation." It is at once

apparent, so we think, that this definition is for the purpose of the Act and nothing more. The Act does not in any manner pretend to deal with a stockholder's derivative suit such as is presented here and it cannot reasonably be construed as placing a limitation upon the maintenance of such a suit. At any rate, we would want authority more convincing than this statutory definition as a basis for holding that the right to maintain such a suit, expressly recognized by the Illinois Supreme Court, has been obliterated.

█ Closely akin to the point lastly discussed is the contention that the law of Illinois as expressed in the Business Corporation Act has been embodied in the by-laws of the defendant corporation and that plaintiff as a non-recorded shareholder is precluded thereby from maintaining the instant suit. The particular by-law relied upon provides:

"Registered Holder. The corporation shall be entitled to treat the registered holder of any shares as the absolute owner thereof, and accordingly shall not be bound to recognize any equitable or other claim thereto, or interest therein on the part of any other person, whether or not it shall have express or other notice thereof, save as expressly provided by the statutes of the State of Illinois."

We have examined the Illinois cases cited by defendants in support of their argument in this respect and think they are beside the point. In fact, the argument itself falls in the same category. It overlooks the fundamental purpose of a suit of the instant nature. No claim is asserted against the corporation. No right hostile to or in derogation of those of the corporation is sought to be maintained. In fact, the action is for the benefit of the corporation and against those who have wronged it. Any recovery resulting from the suit would inure primarily to the benefit of the corporation and not the plaintiff. The purpose of the by-law evidently was to enable the corporation to protect itself against claims asserted by non-registered stockholders. There is nothing to indicate that it was intended to be used as a shield for those who have wronged the corporation. We reject the contention that it can be so utilized.

The order appealed from is reversed, with directions to proceed in accordance with the views herein expressed.

LINDLEY, District Judge (concurring).

I agree that the judgment should be reversed, but I would employ somewhat different reasoning. Rule 23(b) of the Federal Rules of Procedure is clearly of procedural character. Its function is to endow a shareholder with the right to maintain a suit such as this. But who constitutes a shareholder, it seems to me, is a question of substantive law, which under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, must be determined by the law of the state. In other words, the status of plaintiff who claims to be a stockholder is a question of Illinois law. Under that law, plaintiff's status is that of a shareholder, as pointed out in Judge Major's opinion. Hence it has a right to maintain the suit as provided in Rule 23(b).