**Karol WEINHAUS, Plaintiff-Appellant,**

v.

**Willis GALE et al., Defendants-Appellees.**

**No. 11695.**

United States Court of Appeals Seventh Circuit.

Sept. 26, 1956.

Harry R. Booth, John O'C Fitzgerald, Joseph Keig, Sr., Chicago, Ill., for appellant.

Sam Alschuler, Aurora, Ill., Charles A. Bane, Chicago, Ill., for appellees.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

MAJOR, Circuit Judge.

This action was commenced by plaintiff June 13, 1955, against ten named individual defendants, to recover the sum of $6,500,000, under circumstances subsequently set forth. Jurisdiction was predicated upon diversity of citizenship, with the requisite amount in controversy. The complaint was twice amended and plaintiff appeals from an order of the District Court entered November 30, 1955, dismissing the complaint as amended for failure to state a cause entitling plaintiff to the relief sought.

Insofar as material to the main question for decision the complaint alleged that plaintiff, on August 10, 1954, was the joint owner of eleven shares of the common stock of Northern Illinois Gas Company (hereinafter referred to as the Gas Company), which was engaged in the business of purchasing, supplying and delivering gas to consumers. Prior to February 9, 1954, Commonwealth Edison Company (hereinafter referred to as Edison) owned the property subsequently conveyed to the Gas Company. At or about that time the individual defendants, directors of Edison, as a result of a conspiracy designed to defraud future owners of shares of the Gas Company, committed the following acts: (1) organized the Gas Company; (2) caused the Gas Company to assume the obligation represented by certain outstanding bonds of Edison; (3) caused the Gas Company to issue Edison 5,892,484 shares of common stock of the Gas Company of a par value of $5, (4) caused the Gas Company to sell to Edison on February 9, 1954, "100,000 shares of its 5% convertible preferred shares (convertible into 10 shares of common stock of the 'Gas Company' at any time after February 1, 1957) for a price of $10,000,000.-00, which the defendants then knew was worth not less than $16,500,000.00 with the design and purpose of giving to 'Edison' an unconscionable profit of $6,500,-000.00 and of defrauding the 'Gas Company' and its future stockholders, collectively, of $6,500,000.00"; (5) on February 1, 1955, Edison sold all of such preferred shares for $16,500,000, thereby receiving a profit of $6,500,000, which should have gone to the Gas Company, and (6) controlled the board of directors of Edison, and also of the Gas Company from the time of its organization. The complaint further alleged that the defendants well knew that the sale of the shares of preferred stock by the Gas Company to Edison was for the purpose and design of giving Edison an unconscionable profit and of defrauding the Gas Company and its future stockholders; that plaintiff was a stockholder of the Gas Company at the time of the sale of the preferred stock by Edison; that defendants were under a fiduciary duty to the plaintiff and her class to reinvest the Gas Company with the unconscionable profit realized by Edison from the sale of such preferred stock

and that the defendants failed to perform their duty in that respect. It was further alleged that the outstanding common stock of the Gas Company was held by more than 100,000 persons and that plaintiff brought the suit "as a class action for herself and all other stockholders of the 'Gas Company' similarly situated."

By an amended complaint, filed September 7, 1955, the Gas Company was made a party-defendant. For the purpose of considering the main question before us, we think it unnecessary to set forth the allegations of the amended complaint. In the main it contained a more detailed description of the conspiracy originally alleged and facts designed to excuse plaintiff from making a demand upon the Gas Company, and the individual defendants as its directors, that suit be brought by the Gas Company for whose benefit any recovery would inure. On November 21, 1955, plaintiff by leave of court amended her complaint as follows, "Plaintiff was on and after January 1, 1954 the co-owner of 10 or more shares of stock of the Commonwealth Edison Company."

It is evident that this is a shareholder's derivative suit controlled by Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides so far as here material: "In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains * * *."

The principal question on this appeal is whether plaintiff was a shareholder of the Gas Company at the time of the transaction of which she complains. The District Court, in deciding this issue adversely to plaintiff, in a memorandum opinion stated: "The complaint, as amended, does not show plaintiff to have been a shareholder at the time of the transaction of which complaint is made, although plaintiff argues that the transaction constituted a continuing wrong in that no effort was made to undo its effects. On the contrary, it appears to the Court that the sale of stock, of which plaintiff complains, was a finished transaction prior to the date on which plaintiff became a shareholder."

■ Another issue raised on this appeal is that the District Court erred in failing to grant plaintiff a hearing on certain interrogatories directed to two of the individual defendants and to require answers thereto prior to ruling on defendants' motion to dismiss. An examination of such interrogatories discloses that answers thereto would not have been relevant to the issue as to whether plaintiff was a shareholder at the time of the transaction of which she complains. A decision on that issue was determinable, as the District Court discerned, from the allegations of the complaint as amended. Such being the case, there was no error, certainly no prejudicial error, in the court's refusal to allow a hearing thereon or require answers thereto.

■ We agree with the ruling of the District Court that plaintiff was not a shareholder of the Gas Company at the time of the transaction of which she complains and that the complaint was properly dismissed for that reason. As already shown, the preferred shares of the Gas Company of which complaint is made were sold to Edison February 9, 1954, and plaintiff did not acquire her shares in the Gas Company until August 10, 1954. Plaintiff attempts to avoid this infirmity in her situation by alleging that defendants were in a conspiracy to perpetrate a continuing wrong which culminated February 1, 1955, when Edison sold the shares (almost a year after their purchase) at the alleged unconscionable profit. It is thus argued that plaintiff became a shareholder during the period of the continuing wrong and particularly that she became such prior to the time of the sale of the preferred shares by Edison. We do not agree with this rea-

soning. The wrong of which plaintiff complains was the sale of said shares by the Gas Company to Edison on February 9, 1954, at a price allegedly $6,500,000 less than their true value. That wrong, if such it be, was neither enhanced nor diminished by anything that subsequently took place. The fact, unexplained, that such shares were sold by Edison almost a year later at a greatly increased price might tend to prove they were purchased from the Gas Company for less than their true value, but such sale certainly did not constitute a wrong to plaintiff and other stockholders of the Gas Company. Plaintiff's theory of a continuing wrong has been advanced and rejected in other courts. Pergament v. Frazer, D.C., 93 F. Supp. 9, 12–13; Levitan v. Stout, D.C., 97 F.Supp. 105, 118; Henis v. Compania Agricola de Guatemala, D.C., 116 F.Supp. 223, 228, affirmed by the Court of Appeals, 3 Cir., 210 F.2d 950, expressly upon the ground that the allegation of wrongs committed by corporate directors subsequent to the acquisition of shares did not satisfy the requirements of Rule 23(b). See also McQuillen v. National Cash Register Co., 4 Cir., 112 F.2d 877, 882.

■■ Plaintiff apparently has little confidence in the theory that she was the legal owner of shares in the Gas Company at the time of the transaction of which she complains. In any event, the contention is vigorously pressed that she was the equitable or beneficial owner of common shares of the Gas Company at the time of the sale of the preferred shares by the Gas Company to Edison. This theory is based upon the belated amendment to the complaint which alleged that plaintiff was the owner of ten or more shares of stock in Edison at the time of the sale of the preferred shares of the Gas Company to Edison and at a time when Edison owned a large block of the common shares of the Gas Company. In other words, as a stockholder of Edison she acquired an equitable or beneficial interest in the common shares of the Gas Company then held and owned by Edison. No case is cited which supports plaintiff's equitable ownership theory. Cases cited by plaintiff, both federal and state, are of no benefit. Reference to a few of such cases is illustrative.

■■ In H F G Co. v. Pioneer Pub. Co., 162 F.2d 536, this court held that the word "shareholder" as employed in Rule 23(b) included the equitable as well as the record owner of shares. We rejected the contention that only the record owner could qualify under the rule in face of a showing that the plaintiff was as a matter of fact the owner. In Arcola Sugar Mills Co. v. Burnham, 5 Cir., 67 F.2d 981, it was held that the pledgee of shares could maintain a stockholder's suit in order to protect his interest and to prevent dissipation of the corporation's assets. In Green v. Hedenberg, 159 Ill. 489, 42 N.E. 851, the court ruled to the same effect. Thus, if plaintiff had been the equitable owner of shares in the Gas Company at the time of the transaction of which she complains, even though such shares had been recorded in the name of another, she could have maintained a derivative action. If she had been a pledgee of stock at the time of the transaction of which she complains, she could under the Arcola and Green cases have maintained an action for the purpose of protecting her interest in the assets of the Gas Company. It is evident that the situation in those and similar cases is a far cry from that upon which plaintiff here relies.

Another fallacy in plaintiff's equitable theory is that Edison by reason of the transaction of which plaintiff complains was the beneficiary and not the victim of the alleged fraud. As has been shown, Edison, according to the allegations of the complaint, was the recipient of $6,500,000, as a result of the fraud asserted to have been perpetrated upon the Gas Company. Thus, by reason of the transaction, the stockholders of Edison, including plaintiff, were gainers, not losers. If a person other than Edison had been the beneficiary of the alleged fraud against the Gas Company, a different question would arise as to the right of a stockholder of Edison. See United States

Lines, Inc., v. United States Lines Co., 2 Cir., 96 F.2d 148; Goldstein v. Groesbeck, 2 Cir., 142 F.2d 422, 154 A.L.R. 1285.

Thus, the complaint as amended shows on its face that plaintiff was neither the legal nor equitable owner of shares in the Gas Company, as required by Rule 23 (b), at the time of the transaction of which she complains. This conclusion makes it unnecessary to consider other questions which have been argued.

The order appealed from is
Affirmed.