LOGAN S. HILL ET AL. *v.* B. FRANKLIN VAILL ET AL.

SUPERIOR COURT        LITCHFIELD COUNTY        FILE No. 16507

Memorandum filed June 23, 1961

*Hoppin, Carey & Powell,* of Hartford, for the plaintiffs.

*Smith & Smith,* of Torrington, for defendant Newton Davis.

*Cummings & Lockwood,* of Stamford, for defendant Autosport Properties, Inc.

*Ells, Quinlan & Mead,* of Winsted, for defendants Edmund A. Marquette, Nils Harring and Clement Bauman.

*Catherine G. Roraback,* of Canaan, for defendants Lime Rock Corporation, James E. Vaill, Peter Brazzale, Jr., W. S. Whitbeck and Henry Belter.

*Schofield, Fay & Courtney,* of Hartford, for defendants B. Franklin Vaill, Marjorie Vaill, Ethel E. Vaill and Lime Rock Sand & Gravel Co., Inc.

MacDonald, J. This action was instituted by a complaint dated May 9, 1961, in which seven stockholders of the defendant The Lime Rock Corporation asked, among other prayers for relief, for the appointment of a temporary and permanent receiver of said corporation. The complaint was verified by one of the plaintiffs, John W. Clark, and the plaintiffs' combined ownership of stock in The Lime Rock Corporation totaled 117 shares out of a total of 1107 shares outstanding—just over 10 percent.

On May 17, 1961, several weeks before the return day of the complaint, plaintiffs filed an application for the immediate appointment of a temporary receiver for The Lime Rock Corporation, hereinafter referred to as "corporation," and for such orders, including temporary injunctions, as might be judged necessary and proper for the government of such receiver. An order to show cause why such receiver should not be appointed brought the defendants before the court on May 26, 1961, at which time they moved to dismiss the application for lack of jurisdiction, on the basis of written statements by several of the plaintiffs declining to go forward with the action—including John W. Clark, who had verified the complaint—which withdrawals, if allowed, would reduce the total stock represented below the statutory 10 percent. By agreement of counsel, the hearing was continued until June 7, 1961, at which time two of the original plaintiffs, owning ten shares each, testified that they had no intention or desire to continue as plaintiffs, for reasons which they considered good and sufficient and which the court did not require them to reveal. Two additional stockholders, owning a total of twelve shares, were permitted to intervene as coplaintiffs, leaving the total shares pressing for the appointment of a receiver at 109 out of a total of 1107, or just two short of the statutory 10 percent.

At this point, the court was prepared to consider defendants' motion to dismiss the application for a temporary receiver, but was persuaded to continue the matter further to June 21, by letter from plaintiffs' counsel dated June 9, 1961, accompanied by a motion to intervene as coplaintiffs by three additional stockholders, Ewald, Sherman and Davison, holding sufficient stock to bring plaintiffs' total stock ownership above 10 percent. In the same letter, plaintiffs' counsel agreed to have the pro-

posed new plaintiffs present for examination by defendants. On June 21, none of the new plaintiffs was, in fact, present, and the testimony of the witness who claimed to have obtained their signatures was such as to cause the court to agree with defendants' insistence upon the right to examine them upon their actual intention to proceed in the action. At a further continued hearing on June 22, only one of the proposed new plaintiffs appeared—Ewald, owning five shares of stock—and he stated, on cross-examination, that he did not have any belief as to whether or not the allegations of the complaint were true, but simply thought a receiver should be appointed to investigate and find out whether or not the allegations were true. Under these circumstances, and more especially in the light of the evidence adduced at the various adjourned hearings as to the procedure followed in obtaining and attempting to obtain 10 percent of the stock desiring to have a receiver appointed, the court denied the motion of Ewald, Sherman and Davison to intervene as plaintiffs and also a request by plaintiffs' counsel for more time and further continuance to enable him to make further attempts to line up additional intervening plaintiffs.

Defendants have pressed their motion to dismiss on the ground that §§ 33-382 and 33-383 of the General Statutes, under which the application was specifically sought, require plaintiffs to include at least one-tenth of the voting power as a condition precedent to the granting of the relief sought. Plaintiffs urge the court to grant the application on the two principal grounds that (1) the application, having been brought originally by a sufficient representation of stock, is properly before the court, and the subsequent attempt of some plaintiff stockholders to withdraw cannot now defeat the court's authority to proceed under the statute; and (2) the court can

appoint a receiver as an incident to its inherent equitable powers independent of the statute.

In support of their first claim, plaintiffs have cited some interesting authorities to the effect that a receivership suit should not be dismissed by reason of the withdrawal of the original plaintiff— notably *Parten* v. *Southern Colonization Co.*, 146 Minn. 287, 289, which states that "[a]fter the action is begun and the complaint filed, the action passes out of the control of the plaintiff into the control of the court for the benefit of all creditors who are, or become, parties to it." However, these cases, arising under the laws of New Jersey, Texas and Minnesota, involve procedural rules peculiar to their own jurisdictions. Under our law, "[t]he application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules." *Masterton* v. *Lenox Realty Co.*, 127 Conn. 25, 33; *Chatfield Co.* v. *Coffey Laundries, Inc.*, 111 Conn. 497, 501. Here, as of the moment when the court is determining whether or not a temporary receiver should be appointed, "with due regard to the relevant statutes," less than the required statutory percentage of the stock is now demanding such appointment. This is the controlling time, rather than the moment when the complaint and application were originally drafted or signed or even filed in court.

With respect to the inherent equitable power of the court to appoint a receiver, independent of any statute, plaintiffs have cited *Allen* v. *Curtis,* 26 Conn. 456, an action which arose prior to 1857 and prior to the existence of statutory receivership proceedings, and *Sheehy* v. *Barry,* 87 Conn. 656, where the court expressly relied on § 26 of chapter 194 of the Public Acts of 1903 as furnishing "a complete remedy for the dissolution of the corporation and the appointment of a receiver to wind up its

affairs." This statute required the same "one-tenth of its capital stock," which plaintiffs, in that case, had.

The court, in exercising its discretion, as directed by our Supreme Court in the *Masterton* and *Chatfield Co.* cases, supra, "with due regard to the relevant statutes and rules," dismisses the application for the appointment of a temporary receiver, not only on the narrow ground that it was expressly based on the statute, but upon the broader ground that any such application, even if now amended to seek such equitable relief without reference to the statute, would not be warranted.