Louis B. Heller, J.
Motion by plaintiff for an order granting leave to the plaintiff to bring an action for the dissolution of the defendant corporation pursuant to section 72 of the General Corporation Law and for leave to serve an amended complaint setting up such a cause of action.
This action was originally started by the plaintiff based upon four causes of action. The first and third causes of action which appear to be in the nature of a derivative stockholder’s action *560 allege mismanagement, waste and a refusal to permit the plaintiff to participate in the affairs of the defendant corporation. The second cause of action is for the recovery of the plaintiff’s intestate’s certificate of stock and the fourth cause of action, unrelated to the other three causes of action, for a claim of a partnership interest alleged to have been owned by the plaintiff’s deceased husband. In none of these causes of action did the plaintiff seek a dissolution of the corporation.
Apparently as a result of a denial of an improper application for the appointment of a receiver and dissolution of the corporation made pursuant to sections 103 and 104 of the General Corporation Law, plaintiff has moved for the present relief.
While under normal circumstances on a motion to amend, a court will not examine into and determine the merits of a proposed amended pleading, it must deny such application if the pleading is palpably deficient.
The provisions of section 72 of the General Corporation Law which define the persons who may bring an action to dissolve a corporation must be read, in conjunction with section 71 which authorizes an action to dissolve a corporation under the circumstances stated therein. The action is vested primarily in the Attorney-General but if he fails to bring an action within the time specified a creditor or a stockholder is authorized to apply to the court for leave to bring the action.
Section 71 provides for the dissolution of a corporation only under the limited circumstances set forth in that section, i.e., (1) where the corporation has remained insolvent for at least one year, (2) where it has neglected or refused, for at least one year, to pay and discharge its notes or other evidences of debt and (3) where it has suspended its ordinary and lawful business for at least one year.
The jurisdiction of the court with respect to an action for the dissolution of a corporation under the circumstances is derived solely from the statute and unless the complaint shows the jurisdictional facts the court has no power to act (Osborn v. Montelac Park, 89 Hun 167, affd. 153 N. Y. 672; Hammond v. National Life Assn., 31 Misc. 182, affd. 58 App. Div. 453, appeal dismissed 168 N. Y. 262). Nowhere in the moving papers consisting of the attorney’s affidavit, the verified statement of facts and the proposed amended complaint, are there any grounds set forth for relief under section 71 of the General Corporation Law. There are no allegations or proof that the corporation or its affairs fall within the ambit of the section.
Under the circumstances the application is denied. However, this court concurs with the sentiments expressed by Mr. Justice *561 McDonald who, in. denying the application made pursuant to sections 103-104 of the General Corporation Law, stated that the only solution to the differences between the parties is a speedy trial. The court suggests the immediate filing of a note of issue and a stipulation to try this action before an Official or Special Referee.