■ CAROLINE SCHLEGEL, Appellant. v. SCHLEGEL MANUFACTURING CORP. et al., Respondents.— Order granting motion to dismiss complaint unanimously reversed, with costs, and motion denied, without costs. Order dismissing cross motion of plaintiff unanimously affirmed, without costs. Memorandum: This action brought by the beneficiary of a trust to compel the declaration of dividends was commenced prior to the effective date of the new Business Corporation Law and the provisions thereof do not apply. (Business Corporation Law, § 103, subd. [d].) It follows that paragraph (a) of section 626 of that law enacted to overrule *Gordon* v. *Elliman* (306 N. Y. 456; cf. *Leibert* v. *Clapp*, 13 N Y 2d 313, 319, dissenting opinion Van Voorhis, J.) has no applicability. This action may be maintained upon the authority of *Gordon* v. *Elliman* (*supra*). It is familiar law that an equitable owner of shares of stock in a corporation has legal capacity to sue on behalf of the corporation (*Law* v. *Smith & Sons Carpet Co.*, 271 App. Div. 705). Furthermore, a beneficiary of a trust, such as this plaintiff, has standing to bring such an action. (*Wilcox* v. *Harriman Securities Corp.*, 10 F. Supp. 532, 535; *Braman* v. *Westaway*, 60 N. Y. S. 2d 190, 196; 2 Restatement, Trusts, 2d, § 282; 3 Scott, Trusts, [2d ed.], § 282.1.) It is a general rule that before a trust beneficiary may maintain an action such as this one a demand must have been made upon the trustee so to proceed. (*Levy* v. *Carver Fed. Sav. & Loan Assn.*, 18 A D 2d 1062.) Similarly, before such an action may be commenced there must be "a demand upon the corporation to commence the action, unless such demand would be futile, as where the corporation at the time of the commencement of the action is under the control of the alleged wrongdoers." (11 N. Y. Jur., Corporations, § 367.) There is ample proof herein to sustain the allegation of the amended complaint that a demand upon either the trustee or the corporation would be

a futile act. Lastly, we disagree with the conclusion of Special Term that the relief sought herein is substantially the same as that sought by plaintiff in the proceeding in Surrogate's Court. (Cf. *Matter of Schlegel*, 16 A D 2d 745.) There is neither identity of parties nor of issues and the Surrogate would be without authority to grant the relief claimed herein. (Cf. *Matter of Stewart*, 167 Misc. 361.) (Appeal from order of Monroe Special Term, dismissing the amended complaint; also, appeal from order denying plaintiff's cross motion to enjoin defendants from engaging in further intentional delaying tactics, etc.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.