TURNER ET AL. *v.* FLYNN & EMRICH COMPANY OF BALTIMORE CITY

[No. 337, September Term, 1972.]

*Decided July 5, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, SINGLEY, SMITH and LEVINE, JJ.

*Edward L. Blanton, Jr.*, for appellants.

*David S. Cordish* for appellee.

SINGLEY, J., delivered the opinion of the Court.

Chapter 649, § 10 of the Laws of 1967, now Maryland Code (1957, 1973 Repl. Vol.) Art. 23, § 79A (the Act) provides, in part:

> "(b) *Any holder of shares entitled to vote at an election of directors of a corporation* may petition a court of equity to dissolve the corporation on one or both of the following grounds:
>
> (1) * * *
>
> (2) That the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent." (Emphasis supplied)

The Act goes on to provide for the appointment, after notice and hearing, of one or more receivers or trustees to preserve the business and assets of the corporation, and to liquidate, if the court determines that the corporation should be dissolved.

The question posed by this case is whether the appellants, who own no stock in a corporation, but are income beneficiaries of a testamentary trust which holds the stock, can avail themselves of the relief provided by the Act.

The case came on for hearing below in the Circuit Court of

Baltimore City on a demurrer to the appellants' bill of complaint. From an order sustaining the demurrer without leave to amend, this appeal was taken.

The bill of complaint alleged that the appellants, Arthur Gordon Turner, Jr. and Jane Taggart Turner (the Turners) are the beneficiaries of a trust created by the will of Arthur Gordon Turner; that an unspecified number of shares of Flynn & Emrich Company of Baltimore City (the Company) are held by the trust of which the Turners are beneficiaries, and then recited a series of acts of the officers and directors of the Company which the Turners characterized as illegal, oppressive and fraudulent within the meaning of the Act.

The thrust of the Company's demurrer was that absent an allegation by the Turners that they were the "holder[s] of shares entitled to vote at an election of directors" of the Company, the Turners lacked the standing necessary to seek relief under the Act. We think that the chancellor was entirely correct when he sustained the demurrer.

The Turners cite a number of cases from other jurisdictions in support of their contention that the ownership of an equitable interest in stock is enough to support a stockholder's action.[1] What this overlooks is that Maryland, and some 20 other states, have passed statutes which are generally similar to § 97 (a) of the Model Business Corporation Act adopted by the American Bar Foundation in 1960, see Note, *Corporate Dissolution for Illegal, Oppressive or Fraudulent Acts: The Maryland Solution,* 28 Md. L. Rev. 360 (1968).

However, the Model Act provides:

"The .......... courts shall have full power to liquidate the assets and business of a corporation:

---

[1] These are: Weinhaus v. Gale, 237 F. 2d 197 (7th Cir. 1956); Amen v. Black, 234 F. 2d 12 (10th Cir. 1956); HFG Co. v. Pioneer Publishing Co., 162 F. 2d 536 (7th Cir. 1947); Hurt v. Cotton States Fertilizer Co., 145 F. 2d 293 (5th Cir. 1944); Stephenson v. Landegger, 337 F. Supp. 591 (S.D.N.Y. 1971); Marco v. Dulles, 177 F. Supp. 533 (S.D.N.Y. 1959); Willcox v. Harriman Securities Corp., 10 F. Supp. 532 (S.D.N.Y. 1933) *contra,* Hodge v. United States Steel Corp., 64 N.J.E. 90, 53 A. 601 (1902); Brown v. Duluth, M & N Ry. Co., 53 F. 889 (1893).

410

(a) in an action by a shareholder when it is established:

(1) * * *

(2) that the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent; . . ."

Thus, while the philosophy of our Act and of the Model Act is the same, our Act is structured in a markedly different fashion, since we have introduced a new ingredient: that to maintain his action, the petitioner must be a "holder of shares entitled to vote at an election of directors of [the] corporation." This distinguishing factor seems to be shared with at least four other states: Connecticut, Michigan, Nevada and New Jersey.[2] It is a generally recognized principle that absent extraordinary circumstances, without an enabling statute a court of chancery has no jurisdiction to decree the dissolution of a corporation on application of a shareholder, *Wall & Beaver Street Corp. v. Munson Line*, 58 F. Supp. 101, 107 (D. Md. 1943) (applying Maryland law); *Murray-Baumgartner Surgical Instrument Co. v. Requardt*, 180 Md. 245, 252, 23 A. 2d 697 (1942), and that when a statutory remedy is available, the complainant must bring himself within the express terms of the act, *Hill v. Vaill*, 23 Conn. Sup. 72, 176 A. 2d 881, 883 (1961); *Coucounas v. Coucounas*, 33 Misc. 2d 559, 225 N.Y.S.2d 410 (1962); *Gordon v. Graham*, 137 W. Va. 553, 73 S.E.2d 132, 135 (1952); 16A Fletcher, *Cyclopedia of the Law of Private Corporations* § 8083 at 214-15 (1962 Rev. Vol.).

The Company is quite right when it says that *Schlegel v. Schlegel Manufacturing Corp.*, 23 App. Div. 2d 808, 258 N.Y.S.2d 587 (1965) and *Brown v. Dolese*, 38 Del. Ch. 471, 154 A. 2d 233 (1959), relied on by the Turners, are inapposite. *Schlegel* is controlled by a New York statute; and *Brown*, by a Delaware rule of procedure. In each case, a result was

2. Conn. Gen. Stat. Ann. tit. 33 § 382 (a) (3) (1960); Mich. Stat. Ann. § 21.200 (823) (Additional Supp. 1973); Nev. Rev. Stat. § 78.630 (1970); N. J. Stat. Ann. § 14A: 12-7 (1969).

mandated which was diametrically opposite to that dictated by our Act.

The Turners find comfort in *Southern Maryland Agricultural Ass'n v. Magruder*, 198 Md. 274, 81 A. 2d 592 (1951) and argue that the result which they seek would be but a logical extension of the doctrine of that case. In *Southern Maryland*, a bill of complaint had been brought seeking to have a court, in the general exercise of its equitable jurisdiction, appoint a receiver for a corporation which was hopelessly deadlocked. One issue in the case was that while the complainants were the owners of 6,487 shares, which constituted a majority of the Association's stock outstanding, 3,406 of those shares had been deposited under a voting trust agreement, for which the complainants held only voting trust certificates, and therefore were unable to exhibit certificates of the stock itself.

Our predecessors, after noting the contention that "Some of the parties plaintiff [the holders of the voting trust certificates] have no standing to bring this suit," (because they had not exhibited their stock certificates, *see Steel's Department Stores, Inc. v. Buckingham*, 143 Md. 680, 687, 123 A. 391 (1923)) continued, at 284 of 198 Md.:

> "Without attempting to analyze in detail the rights of the respective parties to the stock with respect to which they act, suffice it to say that the court finds that at least some of the plaintiffs are fully authorized to protect their stock interests in the Corporation by prosecuting this suit."

It must be remembered that *Southern Maryland* was an action invoking the general jurisdiction of the equity court. Even assuming that it is authority for the proposition that holders of voting trust certificates could have maintained the action without the joinder of stockholders, it cannot be elevated to support the notion that a cestui que trust may maintain an action under the more stringent jurisdictional requirement of Code Art. 23, § 79A. Despite the fact that he is the income beneficiary of the trust which owns the stock, he is not, in the language of the Act, the holder of shares

412

entitled to vote. We are not to be understood, however, as passing on what success the Turners might have achieved had they framed their action in a different fashion, or had they invoked the general jurisdiction of the equity court.

*Order affirmed, costs to be paid by appellants.*