550 P.2d 623

**Charles J. KING, Barry A. Adamson and Low Cost Auto Parts, Inc., an Arizona Corporation, Petitioners,**

**v.**

**The Honorable Rufus C. COULTER, Judge of the Superior Court, Maricopa County, Respondent;**

**Tim JACKSON, Real Party in Interest.**

**No. 12472.**

Supreme Court of Arizona,
En Banc.

June 8, 1976.

Kenneth L. Abrams, Phoenix, for petitioners.

Jack C. Cavness, Phoenix, for real party in interest.

HAYS, Justice.

We accepted this petition for special action to determine whether an Arizona corporation may be involuntarily dissolved in the absence of statutory authority.

Petitioners Charles J. King and Barry A. Adamson and respondent Tim Jackson were the sole directors and shareholders of Low Cost Auto Parts, Inc. ("Low Cost"). Respondent Jackson owns 40% of the common stock; petitioners King and Adamson own 40% and 20% of the shares of common stock, respectively.

Jackson bought into the company for his present 40% share and was made president at that time.

In March of 1973 a dispute arose between Jackson and his coshareholders. Jackson was removed from his positions as president and director of Low Cost.

On April 23, 1975, Jackson filed a verified complaint seeking to dissolve the corporation; an accounting; appointment of a receiver; and a judgment settling the rights of the parties in the corporation. Petitioners filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted, since the complaint failed to allege any of the grounds set forth in A.R.S. § 10–381. A response to the motion and a reply to the response were filed. On June 13, 1975, petitioners' motion to dismiss was denied.

An order to show cause hearing was held regarding the appointment of a receiver. The matter was taken under advisement pending further memoranda, and the trial court issued a minute order appointing a receiver.

The petition for special action was filed on January 16, 1976.

Petitioners present the following issues:

1.  Did the trial court err in failing to dismiss the complaint seeking involuntary dissolution of Low Cost?

2.  Did the trial court have jurisdiction to appoint a receiver or alternatively, was such appointment an abuse of the trial court's discretion?

The facts of the case indicate that salaries increased greatly after Jackson was ousted. Prior to the dispute, Jackson, King and Adamson received salaries of $500 a month each. Several months after Jackson left, King's salary became $2,000 a month and Adamson's salary was increased to $1,000 a month. Additionally, bonuses and overtime payments were first made after Jackson's ouster, for a total sum of $74,000. $20,000 of this total went to two of King's relatives employed by Low Cost.

Jackson made further allegations in an effort to show petitioners were managing the corporation for their benefit to the exclusion of any benefits to respondent Jackson. Among the assertions were that petitioners:

1.  Employed numerous members of their families and paid them for alleged services to Low Cost;

2.  No dividends have been declared; and

3.  A loan of approximately $80,000 was made to a company owned by petitioners in an effort to syphon off profits of Low Cost.

A.R.S. § 10–381 states:

"Involuntary dissolution; bringing of action; grounds

"The attorney general or the corporation, or a shareholder or officer thereof, may maintain an action in the superior court of the county where the principal place of business of the corporation is located to procure a judicial dissolution of the corporation when a corporation:

"1.  Fails to appoint a statutory agent.

"2.  Fails to file the appointment in the office of the corporation commission.

"3.  Violates any law of the state.

"4.  Disobeys or fails to obey any rule, regulation or order of the corporation commission made in pursuance of law.

"5.  Revokes or attempts to revoke the appointment of the statutory agent without duly appointing another in his place.

"6.  Disposes of all its property and assets."

The general rule throughout the country is that a minority shareholder or group of shareholders of a going and solvent corporation cannot maintain a suit to have it dissolved, absent statutory authority. 19 Am. Jur.2d *Corporations* § 1602 (1965); 2, O'Neil, *Close Corporations* § 9.27 (1971). Exceptions to this rule have been recognized. O'Neil, *supra*, § 9.27.

In *Turner v. Flynn & Emrich Co. of Baltimore City,* 269 Md. 407, 306 A.2d 218, 219 (1973), the general rule was stated as follows:

"It is a generally recognized principle that absent extraordinary circumstances,

without an enabling statute a court of chancery has no jurisdiction to decree the dissolution of a corporation on application of a shareholder, [citations omitted], and that when a statutory remedy is available, the complainant must bring himself within the express terms of the act [citations omitted]." *See also Glickauf v. Moss,* 23 Ill.App.3d 808, 320 N.E.2d 132 (1974), and *Barber v. Irving,* 226 Cal.App.2d 560, 38 Cal.Rptr. 142 (1964).

A.R.S. § 10–381 does not provide for involuntary dissolution upon the request of minority shareholders. Additionally, the new statute (effective July 1, 1976), particularly A.R.S. §§ 10–094 and 10–097, do not provide for this claim for relief. A.R.S. § 10–094 provides for involuntary dissolution in an action filed by the attorney general for corporate acts affecting the state. A.R.S. § 10–097(A) provides for involuntary dissolution in an action by a shareholder only in the case of deadlock.

 It is a well-accepted rule of statutory interpretation that a "statute which enumerates the subjects or things upon which it is to operate will be construed as excluding from its effect all those not especially mentioned." *Elfbrandt v. Russell,* 97 Ariz. 140, 397 P.2d 944 (1964), *reversed on other grounds,* 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed.2d 321 (1966). Both the old and new statutes provide for involuntary dissolution in specific circumstances. Oppressive or inequitable conduct by the majority of directors or shareholders against a minority was not a circumstance provided for. It is clear that the legislature did not intend to allow equitable dissolution of a solvent corporation.

Viewing the totality of the circumstances, we do not find them sufficiently extraordinary to require dissolution. We therefore hold, absent extraordinary circumstances, the court does not have authority to decree the dissolution of a corporation for reasons other than statutorily provided for. This court will not inflate, expand, or extend a statute to matters not

falling within its expressed provisions. *City of Phoenix v. Donofrio,* 99 Ariz. 130, 407 P.2d 91 (1965). Thus, the trial court was in error in failing to dismiss respondent Jackson's complaint and in appointing a receiver for Low Cost.

The facts of this case do not warrant the dissolution of Low Cost. Excessive salaries and bonuses and lack of dividends are not sufficient to warrant dissolution. *Kruger v. Gerth,* 16 N.Y.2d 802, 263 N.Y.S.2d 1, 210 N.E.2d 355 (1965). Under allegations of bad faith or breach of fiduciary duty, other relief is available. *Atkinson v. Marquart,* 112 Ariz. 304, 541 P.2d 556 (1975); *Tovrea Land & Cattle Co. v. Linsenmeyer,* 100 Ariz. 107, 412 P.2d 47 (1966).

The trial court's order appointing a receiver is vacated and the matter is remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.