[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure procedure, the plaintiff moves for the appointment of a receiver of rents.
After a hearing, the court finds the following facts: The amount owed to the plaintiff on its original mortgage note and mortgage was $632,207 as of December 30, 1991. The defendant mortgagor, 20 Sisson Street Associates, is in default, having made its last monthly payment on June 10, 1991. Real estate taxes are owed on the property in the amount of $16,055, but defendant mortgagor has reached an agreement with the East Hartford tax assessor to pay the tax arrearage at the rate of $2200 per month, commencing January 20, 1992.
The mortgage provides that in the event of a default, the mortgagee "to the extent permitted by law and without regard to the value or occupancy of the security, shall be entitled as a matter of right if it so elects to the appointment of a receiver. . . ."
Plaintiff's expert appraised the property at $600,000; defendant's expert appraised it at $750,000. The court finds the property to have a value of $700,000. Defendant mortgagor CT Page 307 has interposed no defense to this action, except for a possible claim as to the attribution of payments of post-default interest, and conceded at the court hearing on this motion that it has no defense. Consequently, the matter can be readily claimed for judgment.
Section 52-504 provides that a superior court judge, considering an application for the appointment of a receiver, "may make such order in the action as the exigencies of the case may require, . . ." Our Supreme Court stated in Chatfield Co. v. Coffey Laundries, Inc., 111 Conn. 497, 501 (1930): "The application for a receiver is addressed to the sound discretion of the court, to be exercised with due regard to the relevant statutes and rules, . . .
"If it appears that some expedient action or remedy less stringent in effect than a receivership will meet the situation, that course should be taken."
See also Masterton v. Lenox Realty Co., 127 Conn. 25, 33
(1940; Hill v. Vaill, 23 Conn. Sup. 72, 76 (1961).
Here the court concludes the plaintiff is well-secured to have its debt paid from the property. The unpaid taxes do constitute a lien prior in right to the plaintiff's mortgage and to that extent diminish plaintiff's security but defendant mortgagor indicated it would start paying those taxes if it retains control of the property.
A receivership is a drastic remedy. It takes control of the property from the defendant owner and vests it in an outsider who is likely not to manage it as efficiently and economically as the owner. A receivership is likely to cause tenants to move, and adversely to affect the owner's chances of refinancing or selling the property. The court can take judicial notice from its own experience in the foreclosure court that receiverships always result in a severe detriment to owners. The mortgage provisions do not obligate the court to grant an application for receivership when all the equitable factors militate against it. F.D.I.C. v. Main Street Properties, 16 C.L.T. 36, p. 31 (Sept. 10, 1990); New England Savings Bank v. Deros, 5 Conn. L. Rptr. No. 7, 165 (Nov. 18, 1991).
Moreover, here a judgment can be had in a short time. If a long law day or a long period of time for a foreclosure by sale is granted, the right to apply for a receivership is reserved to the plaintiff.
However, on balance, its present motion for a CT Page 308 receivership is denied, on the condition that defendant mortgagor pays the real estate taxes in accordance with the agreement reached with the East Hartford tax assessor.
ROBERT SATTER STATE TRIAL REFEREE