BAUM v. SPORBORG et al.

(Supreme Court, Appellate Division, Second Department.   October 6, 1911.)

1. CORPORATIONS (§ 207*)—EQUITABLE STOCKHOLDERS—RIGHTS.

   One who is equitable owner of stock in a corporation under a will, the legal title being in the executor, can sue to protect his interests, and those of other stockholders, against a conspiracy by stockholders in possession to destroy the value of the stock.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 797–805; Dec. Dig. § 207.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PARTIES (§ 48*)—INTERVENORS—PLEADING—SUFFICIENCY.
    Demurrer to an answer by intervening defendants denying matters immaterial as to them is properly sustained.
    [Ed. Note.—For other cases, see Parties, Cent. Dig. § 75; Dec. Dig. § 48.*]

3. SET-OFF AND COUNTERCLAIM (§ 34*)—SUBJECTS OF COUNTERCLAIM.
    Under Code Civ. Proc. § 501, authorizing counterclaims, defendants intervening in a suit by an equitable stockholder to protect his interests against a conspiracy of stockholders in possession to destroy the value of the stock cannot assert as a counterclaim an attorney's lien on the stock for services in another litigation concerning it.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 56; Dec. Dig. § 34.*]

Appeal from Special Term, Kings County.

Action by Frank W. Baum, individually and as committee, etc., of Annie E. Curtis, etc., against William D. Sporborg and Josiah Canter, impleaded with others. From an interlocutory judgment sustaining a demurrer to the named defendants' answer, they appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Josiah Canter (William D. Sporborg, on the brief), for appellants.
Alexander Thain (Floyd J. Adams, on the brief), for respondent.

WOODWARD, J. This action was brought by Frank W. Baum individually and as committee of the person and estate of Annie E. Curtis, as well on his behalf as on behalf of such other stockholders, if any, of the defendant Publishers' Plate Company who may come in and contribute to the expenses of the action, against Louis B. Hasbrouck, individually and as executor of the last will and testament of Benjamin F. Curtis, deceased, Publishers' Plate Company, Leon A. Carley, and John H. Judge.

By the provisions of the last will and testament of Benjamin F. Curtis, deceased, the plaintiff was given "all shares of the capital stock of the Publishers' Plate Company which I may have at the time of my decease, upon condition however, that he pay during the life of my wife Annie, for her support and maintenance any and all dividends received thereon up to four per cent. per annum; any dividends in excess thereof to belong to him." Louis B. Hasbrouck was the sole executor of the will of the said Benjamin F. Curtis, and the complaint alleges that on or about the 28th day of October the said Benjamin F. Curtis, under the advice of counsel, caused his business to be transferred to a company known as the Publishers' Plate Company, and that, to comply with the provisions of the statute in the organization of such company, 26 shares of the 1,000 shares constituting the capital stock was issued to the defendants Hasbrouck, Carley, and Judge, the remaining 974 shares being issued to the said Benjamin F. Curtis; that these defendants became directors in the corporation, and that upon the death of the said Benjamin F. Curtis these 974 shares of stock passed to the executor under the will, and that the defendants have conspired to retain possession of such stock, the business of

the corporation, its management and control, paying themselves large salaries and dissipating the plaintiff's interest therein; that the defendant Hasbrouck has instituted an action at law against the Publisher's Plate Company, in which he claims said company owes the estate of Benjamin F. Curtis the sum of $6,080.07, with interest, although no such sum or any sum whatever is owing to said estate from said corporation. The purpose of the action, as set forth in the prayer for judgment, is that:

"The defendant Louis B. Hasbrouck, individually and as executor of the last will and testament of Benjamin F. Curtis, deceased, be enjoined and restrained by the temporary order of this court and by final judgment from further proceeding with the action brought by him against the Publishers' Plate Company, and that said cause of action and the rights of all parties thereto, including those of all the defendants to this action, be litigated in this action, and that it be adjudged that the defendant, Publishers' Plate Company, is not indebted to the defendant Hasbrouck as executor, etc., of Benjamin F. Curtis, deceased, in any sum whatever, and that the plaintiff and such stockholders, if any, who may come in and contribute to the expenses of this action, have such further or other order, judgment, or relief in the premises as to the court may seem just."

[1] There is no doubt that the complaint states a good cause of action in equity for the relief demanded. It is an action by the equitable owner of stock in a corporation to protect his interests and those of other stockholders in the property of the corporation. It is not an individual action in any sense. The plaintiff has no legal rights, for the legal title to the shares of stock bequeathed to him by the will of Benjamin F. Curtis, deceased, is in the executor named in the will. This action does not seek to compel the delivery of this stock. It merely asks that the corporation shall be protected against a conspiracy on the part of defendants to destroy the value of the stock, and, if there is such a conspiracy, every stockholder and every person having any equitable interest in the stock of this corporation is interested in the action and it is being maintained for his benefit.

[2] With this situation existing, the defendants Sporborg and Canter moved the court to be made parties defendant in the action, and the plaintiff did not appeal from the order of the court permitting such intervention. A supplemental complaint, alleging upon information and belief "that William D. Sporborg and Joseph Canter, made defendants herein under and by virtue of said order, claim to have something by way of or in the nature of a lien upon the 974 shares of stock in the Publishers' Plate Company mentioned in the complaint herein, the nature, the extent and particulars of which alleged lien is unknown to the plaintiff," and demanding the same relief as in the original complaint, was served on these two defendants, and subsequently they put in an answer. This answer denied knowledge or information sufficient to form a belief as to the matters alleged in the seventh, eleventh, and fourteenth paragraphs or subdivisions of the complaint, matters which in no wise related to any interest which they might have in the case, and then set up a "further separate and distinct defense, and by way of counterclaim," in which the intervening defendants set up that they were copartners engaged in the practice of law; that they had rendered certain services to the plaintiff indi-

vidually in reference to litigation connected with the assertion of his rights under the last will and testament of Benjamin F. Curtis, and claiming a lien upon the 974 shares of stock in the Publishers' Plate Company, demanding that the same be sold, and that these defendants be paid 40 per cent. of the value of such stock for the alleged services rendered to the plaintiff. The plaintiff demurred to this answer on the grounds (1) that it was "insufficient in law on the face thereof"; (2) "that the alleged counterclaim pleaded is not of the character specified in section 501 of the Code of Civil Procedure." This demurrer has been sustained on both grounds, and the intervening defendants appeal to this court.

It seems to us that the mere statement of the case shows that the defendants have no standing in law upon this appeal; that the denials of wholly immaterial matters, so far as they are concerned, cannot be said to be a sufficient answer to the complaint to entitle them to any judgment. Indeed, the defendant does not ask for a dismissal of the complaint, but for judgment upon its alleged counterclaim. The fact that they have no knowledge or information in reference to facts material in establishing the conspiracy alleged in the complaint against other defendants is of no consequence here, and it is not sufficient in law to defeat the cause of action alleged, and the demurrer was, therefore, properly upheld on this ground.

[3] It is equally clear that the so-called counterclaim is not such as is contemplated by section 501 of the Code of Civil Procedure. The plaintiff, whose interest in the stock of the Publishers' Plate Company is equitable, and who occupies a trust relation thereto in behalf of his sister, is in court, not for the purpose of securing possession of the 974 shares of stock, but to preserve to the Publishers' Plate Company its assets and business. The plaintiff, as an equitable stockholder, is merely doing what the Publishers' Plate Company, if properly officered and controlled, should do. He is maintaining an action for the benefit of the corporation, under circumstances which, if true, demand such action, and the claim of lien upon the shares of stock by the appellants is in no sense a counterclaim to such an action. Their alleged lien is in no sense a claim against the Publishers' Plate Company, and does not grow out of any contract or transaction with such corporation. Their relations are with the plaintiff personally, and, if they are claimants in good faith, they have as much interest in the success of this action as the plaintiff himself. The value of their lien depends upon the value of the Publishers' Plate Company, and their natural position in this litigation, if they have any right to be here, would be as supporters of the plaintiff rather than in hostility to him.

The interlocutory judgment appealed from should be affirmed. All concur.