Eva Litwin, as a Stockholder of the Guaranty Trust Company of New York, Plaintiff, *v.* George G. Allen and Others, Defendants.

Supreme Court, Special Term, New York County, February 4, 1938.

*Abraham N. Geller,* for the plaintiff.

*Schiff, Dorfman & Stern,* for Isidore D. Morrison.

*Kobbe, Thatcher, Frederick & Hoar,* for the defendant George E. Roosevelt.

*Breed, Abbott & Morgan,* for the defendants Gladys G. Terbell, etc.

*Moran, Galli & McGlinn,* for the defendant L. E. Zacher.

*Dunnington, Bartholow & Miller,* for the defendant Julia W. Dula, individually and as executrix, etc.

*Caruthers Ewing,* for the defendant John A. Hartford.

*Parker, Finley & Benjamin,* for the defendant Frederick P. Keppel.

*Kieffer & Killea,* for the defendant Valentine P. Snyder's estate.

*John H. Ray,* for the defendant Charles P. Cooper.

*Debevoise, Stevenson, Plimpton & Page,* for the defendants J. P. Morgan and others.

*Root, Clark, Buckner & Ballantine,* for the defendant Guaranty Trust Company of New York.

*Harris, Beach, Folger, Bacon & Keating,* for the defendant Hebe B. Harris, as executrix, etc., of Albert H. Harris.

*McCanliss & Early,* for the defendant Eugene W. Stetson.

*Frank L. Crocker* and, *Dunnington, Bartholow & Miller,* for the defendant Cornelius Vanderbilt Whitney and the defendants Gertrude Vanderbilt Whitney, Cornelius Vanderbilt Whitney and Frank L. Crocker, as executors and trustees, etc., of Harry Payne Whitney, deceased.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the defendants George G. Allen and others.

McGEEHAN, J. This application presents an unusual situation. The defendant seeks to examine two witnesses whose testimony it is alleged can prove that the plaintiff was neither the owner of record nor the equitable owner of stock at the commencement of the action, and therefore under the law has not the legal capacity to sue. While the law is well settled that a stockholder need not be the owner of record to institute the action, he must at least be the equitable owner. The plaintiff alleges she is the owner of said stocks. The defendant states that the plaintiff is not the owner either of record or equitable, and that proof can be adduced to establish this fact and desires to obtain this proof. Ordinarily, this issue would be reserved for the trial, but in this litigation an application is pending to have stockholders whose status is unquestioned intervene in this action. Therefore, before such intervention is ruled upon it becomes necessary to determine whether the original action is legally well iounded. To determine this the capacity of the plaintiff to sue must be established. Therefore, under these circumstances, the motion is granted, and Sidney A. Fine, No. 1440 Broadway, is appointed referee. Settle order accordingly.