CLAIRE PASTER MILLER, Respondent, v. MILTON MILLER and DAVID HARRISON, Individually and as Administrators, etc., of EDWARD H. MILLER, Deceased, and as Executors and Trustees Named in His Will, E. H. MILLER TRANSPORTATION Co., INC., MILLER'S FORWARDING. CORP., MOTOR EXPRESS & TERMINAL CORP., E. M. & L. GARAGE, INC., FLORENCE TRADING CORPORATION, Appellants, and Others, Defendants.— Order denying defendants' motion to dismiss complaint under rule 106 of the Rules of Civil Practice, on the ground that the plaintiff has not legal capacity to sue, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. It has been repeatedly held that to bring a representative action against a corporation plaintiff must show that she is a stockholder at the time the action is instituted. (*Hanna* v. *Lyon*, 179 N. Y. 107; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 id. 121; *Edelstein* v. *Frank*, 208 App. Div. 790.) It is not sufficient that plaintiff, not a stockholder, is interested in an estate, as legatee or beneficiary, which holds stock of the corporation sued. She must be the legal or equitable owner of such stock. Lazansky, P. J., Hagarty and Adel, JJ., concur; Davis, J., dissents and votes to affirm with the following memorandum: The suit is in equity to prevent devastation of an estate by means of an illegal and wrongful conspiracy involving the temporary administrators of the estate of plaintiff's late husband, besides others claimed to be acting in concert with them. Practically the entire assets consist of stock in several corporations organized and owned by decedent in his lifetime. These administrators and others are officers and stockholders and in control of these corporations; and are, it is charged, wrongfully converting and wasting the assets of these corporations for the purpose, among others, of avoiding making any payment therefrom to the plaintiff, a legatee and a beneficiary of a life income under her husband's will. The temporary administrators are named in the will as executors and trustees. They and another defendant have been engaged unsuccessfully in litigation with the plaintiff in seeking to prevent her sharing in her husband's estate. It is with that background that these further acts on their part are alleged to have occurred. No doubt the Surrogate's Court has concurrent jurisdiction and might furnish a remedy. (*Matter of Auditore*, 249 N. Y. 335; *Matter of Barrett*, 168 Misc. 937.) The procedure to be followed in that court would be more cumber-

some and result in greater delay than in the equity suit. This is no derivative stockholder's action, but even if it were I think it might be maintained by one who is a *cestui que trust.* (4 Cook, Corporations [8th ed.], § 735; *Baum* v. *Sporburg*, 146 App. Div. 537.) It is a suit to obtain equitable relief from the wrongful acts of conspirators, leading to an accounting by them as fiduciaries. Plaintiff may not be able to obtain all the relief she seeks as against the corporations; but if she makes proof of the facts alleged, she will be entitled to substantial relief against some of the defendants, and save the estate from devastation. Taylor, J., concurs with Davis, J.