CLAIRE SINGER, as a Stockholder and Director of State Laundry Co., Inc., on Behalf of Herself and All Others Similarly Situated, Plaintiff, v. STATE LAUNDRY, INC., et al., Defendants.

Supreme Court, Special Term, New York County, February 26, 1947.

*Myron P. Gordon* for State Laundry Co., Inc., and others, defendants.

*William Rosenfeld* for Abraham J. Abrahams and others, defendants.

*Otto C. Sommerich* and *Benjamin Busch* for plaintiff.

SHIENTAG, J. These are motions by the individual and corporate defendants for an order dismissing so much of the complaint as seeks to recover for acts committed prior to January 10, 1946, on the ground that plaintiff has not legal capacity to sue. In the alternative an order is sought dismissing so much of the complaint as seeks to recover for acts committed prior to January 9, 1944, on the ground that such recovery is barred by the Statute of Limitations.

The motions also ask for an order requiring plaintiff to serve an amended complaint omitting large amounts of alleged irrelevant matter. This branch of the motion may be disposed of at the outset. A reading of the complaint shows that all of the matters objected to are appropriate for one reason or another to the proper pleading of plaintiff's cause of action. This part of the motion, therefore, is denied.

This is a stockholder's derivative suit and is brought by the plaintiff, who owns 7,000 shares of stock, or one fifth of the company, as a stockholder and as a director of the corporation, alleging that some of the individual defendants received compensation after the contracts under which it was due were terminated; that defendant A. J. Abrahams caused the corporation State Laundry Co., Inc., to make payments to him

so that he received $17,500 per annum though only $7,800 was due; that Moses Abrahams received payments in the guise of salary, though he rendered no service therefor; that a retroactive increase in salary, based in part on a percentage of profits, was unlawfully voted to A. J. Abrahams; that $15,000 was voted to Moses Abrahams in payment of a nonexistent claim against the corporation allegedly assigned to Moses Abrahams; that excessive salary was unlawfully voted to Moses Abrahams; that unlawful bonuses were paid to the individual defendants as part of the conspiracy alleged; that the individual defendants, including the defendant Cohen, who was not an officer or director in the corporation, abstracted corporate funds illegally on fictitious and forged petty cash vouchers; and that other illegal acts were done as part of the conspiracy to mulct the corporation and prevent certain stockholders from getting proper dividends.

All of the specific allegations of wrongdoing concern definite sums of money alleged to have been illegally paid out or abstracted by the individual defendants. To recover such moneys six years are allowed on the theory of money had and received. As was recently said in *Myer* v. *Myer* (271 App. Div. 465[*]), concerning chapter 851 of the Laws of 1942 (p. 475). "Under this new section claims of waste or injury to property were barred three years after the occurrence of the transactions complained of, whether an accounting was sought or damages demanded with respect to such waste or injury (*Gottfried* v. *Gottfried,* 269 App. Div. 413). If, however, money or its equivalent has been received by the officers or directors, and the allegations of the complaint were sufficient to make defendants liable for moneys had and received, this court has held that a six-year Statute of Limitations would apply to such a claim (*Gottfried* v. *Gottfried, supra*)."

It is evident that the six-year statute applies to everything except, possibly, some matters which may be proved under the general allegations of paragraphs 35 to 37, 40 to 42, 44 and 45. If any such matters turn out to be mere waste of corporate assets, then the three-year statute is applicable, but the determination of this must await the trial.

The main part of the motion concerns the standing of Claire Singer, as a stockholder and director, to represent the corporation for the recovery of any wrongs committed prior to January 10, 1946. The moving affidavits allege that plaintiff did not

---

* Affd. without opinion 296 N. Y. 979.— [REP.

become a stockholder of record until January 10, 1946. Claire Singer was duly elected a director of corporate defendant, according to the complaint, on October 31, 1944. At the time of the service of the complaint she was still serving as such director. As such director, she has legal capacity to bring an action to recover for the acts alleged in the complaint, at least while she remains a director, and to the extent that the Statute of Limitations is not a bar (*Schoenherr* v. *Van Meter*, 215 N. Y. 548).

Defendants claim, however, that as an individual stockholder plaintiff has no standing in this action to recover for any wrongs done prior to January 10, 1946. Section 61 of the General Corporation Law provides: " In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law." It will be noticed that the section does not require, as seems to be claimed by defendants, that the stockholder must be a stockholder of record at the time of the transaction of which he complains. Under the Federal decisions, on which the statute is modeled, it has been held that it is sufficient if the stockholder is equitably entitled to be such.

In the present instance, plaintiff's rights stem from her father's will. Her father died testate May 23, 1943, leaving one fifth of his stock holdings to Claire Abrahams Singer, the plaintiff. The fact that the executors did not see fit to transfer the stock until January 10, 1946, should not bar the plaintiff from a recovery (*Baum* v. *Sporborg*, 146 App. Div. 537; *Hurt* v. *Cotton States Fertilizer Co.*, 145 F. 2d 293, certiorari denied 324 U. S. 844; *Willcox* v. *Harriman Securities Corporation*, 10 F. Supp. 532). I hold that insofar as the plaintiff, Claire Abrahams Singer, is suing as a stockholder, she is entitled to claim damages done to the corporation from the date her father died, at which time she became equitably entitled to one fifth of the shares of stock in the corporation.

There is no need to serve an amended complaint. The exact applicability of the Statute of Limitations and of the amount of recovery, if any, which is based upon the date of the acquisition of the stock, are matters for determination as questions of fact on the trial.

The point made by the defendant Cohen that he should not be held liable on the ground that he was neither a director nor

an officer of the corporation is not well taken, since it is alleged in the complaint that he is the actual recipient of money wrongfully withdrawn from the corporation.*

For the reasons set out above the motions are in all respects denied.

---

* See, also, *Katz* v. *Braz*, 188 Misc. 581, affd. without opinion 271 App. Div. 970.— [REP.