Per Curiam.

This is a derivative stockholder’s action. Defendants ’ motion to dismiss the complaint on the ground that plaintiff lacked legal capacity to sue was directed against the pleading as a whole. The proof adduced by plaintiff sufficiently establishes the allegation of her complaint to the effect that at all the times mentioned therein, and her claim that at the time of the commencement of the suit, she was the equitable and beneficial owner of 3,250 shares of the capital stock of Alexander Smith & Sons Carpet Company. This proof is to be found in the terms of a settlement agreement between plaintiff and Theodore G. Law, the executor of the estate of Henry H. Law, by the provisions of which plaintiff became entitled to the aforesaid shares of stock of the defendant company. One who is an equitable owner of shares of stock in the corporation at the time of the commencement of the suit and at the time of the transactions of which she complains has the legal capacity to sue on behalf of the corporation. (Miller v. Miller, 256 App. Div. 846, affd. 280 N. Y. 716; Baum v. Sporborg, 146 App. Div. 537; Willcox v. Harriman Securities Corporation, 10 F. Supp. 532; Litwin v. Allen, 168 Misc. 205; see, General Corporation Law, § 61, as amd. by L. 1944, ch. 667.)
In view of facts set forth in the complaint we think that Theodore G. Law in his capacity as executor of the estate of Henry H. Law is a proper and necessary party to this suit and he should be made a party defendant if he does not choose to join as party plaintiff.
*707 The judgment and the order granting the motion to dismiss the complaint herein should be reversed,-, with costs and the motion in all respects denied.
Martin, P. J., Cohn, Callahan, Peck and Van Vooehis, JJ., concur.
Judgment and order unanimously reversed, with costs to the appellant and the motion in all respects denied.