Geobge M. Fanelli, J.
This is a motion by the individual defendants, Max and Robert Fleischer, August J. Bartko and the corporate defendants for the following relief: (1) to dismiss the complaint pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice as to plaintiffs, Maurice and Jack Schrier, upon the ground that pursuant to section 61 of the General Corporation Law said plaintiffs have no legal capacity to sue; (2) to dismiss that portion of the complaint which alleges corporate waste and injury to corporate property pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action (Statute of Limitations, Civ. Prac. Act, § 48, subd. 8; § 49, subd. 7); (3) in the event the court dismisses the complaint as prayed for in subdivision (“ 1 ”) herein, for an order pursuant to section 61-b and section 64 of the General Corporation Law, directing that the plaintiffs, Evelyn Croen, Ceil Krinsky and Dorothy Meckler, post security for the reasonable expenses including attorney’s fees which may be incurred by the corporate defendants; and (4) in the event the court grants the relief prayed for in subdivision (“ 3 ”) herein, for an order staying said three plaintiffs from any further proceedings in this action until said security is posted.
This is a derivative action brought by five stockholders concerning a transaction, which, after considerable litigation, resulted in a settlement in 1952 as the result of which certain stock owned by one Abraham I. Borus, then deceased, was purchased from his estate for the settlement amount of $80,000 *630 (see Matter of Fleischer, 303 N. Y. 617). Plaintiffs contend that the gravamen of the present action is for money had and received for the use and benefit of the individual defendants and allege, inter alla, that the proceeds used in connection with said settlement of $80,000 were corporate funds rather than the required individual funds of the defendants. Defendants, on the other hand, contend that the gist of said action is for corporate waste and injury to corporate property.
With respect to the first branch of the motion, defendants challenge the legal capacity of the two plaintiffs, Maurice and Jack Schrier, to institute the action since the mandate of section 61 of the General Corporation Law, provides that ‘ ‘ In any action brought by a shareholder # * * it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law.”
The complaint in the case at bar alleges that in 1952, the date of the afore-mentioned settlement (although the complaint alleges that said purchase and/or redemption of said stock of decedent, Borus, was actually effected in or about the latter part of 1954), said plaintiffs were the “ beneficial owners ” of certain shares of stock in both corporate defendants in that their stock was held for them and stood on the books of the respective corporations in the name of their brother, Harold Schrier. The facts and circumstances relating to this transaction and the series of events wherein said stock was held for said plaintiffs are fully set forth in the answering affidavits and in the agreement, dated May 20, 1938, a photostatic copy of which is annexed thereto. It would appear therefrom, as plaintiffs contend, and without the court so deciding herein, that since said latter date until October 18, 1955 (at which time at the request of said Harold Schrier, their said stock was registered on the respective books of the corporations in said plaintiffs’ names and they accordingly became the record holders of the stock in question) they were the equitable owners of said stock. However, defendants attack the allegation of paragraph “Second” of the complaint wherein it is alleged that plaintiffs were the “beneficial owners” of said stock upon the ground that said allegation is not an allegation of an ultimate fact, but rather is a conclusion of law, and cite Croen v. Schrier (97 N. Y. S. 2d 650) and Silverstein v. Exciting Fashions (281 App. Div. 854) in support thereof.
The court is of the opinion that said cases are readily distinguishable in that they concern motions made pursuant to rule 106 of the Buies of Civil Practice which forbids the use *631 of affidavits, whereas, in the case at bar, defendants seek to dismiss the complaint pursuant to subdivision 2 of rule 107 of the Buies of Civil Practice, which permits affidavits to be used (Buies Civ. Prac., rule 108).
It is true that ultimate facts and not legal conclusions should be alleged and that in some instances the line of demarcation is a very difficult one to discern. This is so in order to preserve an orderly system of practice and to protect litigants from imposition and surprise at the trial so that the adversary may be able to meet the proof adduced by the pleader (Morgenstern v. Cohon, 2 N Y 2d 302). Moreover, it is noteworthy that in the Croen case {supra) the court was unable to ascertain from the naked allegation what meaning plaintiffs there attached to the use of the word “ beneficial ”, although it recognized that if plaintiffs meant to allege that they were the equitable owners of the stock, then of course they would have the right to maintain the action for the period there in question. In the Silver-stein case {supra) the court pointed out in its opinion that the complaint merely alleged that the stock involved was held in the name of an undisclosed nominee.
In the case at bar, from a reading of the answering affidavits and the documentary proof in support thereof, defendants are no longer left to any imposition or surprise by the allegation that said plaintiffs are the “ beneficial owners ” of the stock, and to this extent, questions of fact are at least presented which should not be summarily decided (cf. Conklin v. Palisades Interstate Park Comm., 278 App. Div. 588). Once having established, prima facie, that said plaintiffs were the beneficial and equitable owners of the stock at the time of the transaction of which they now complain, the law seems clear that they do have the legal capacity to join in the commencement of this action (Singer v. State Laundry, 188 Misc. 583 and cases cited-therein; Law v. Smith & Sons Carpet Co., 271 App. Div. 705). ‘1 One who is an equitable owner of shares of stock in the corporation at the time of the commencement of the suit and at the time of the transactions of which she complains has the legal capacity to sue on behalf of the corporation. (Miller v. Miller, 256 App. Div. 846, affd. 280 N. Y. 716; Baum v. Sporgborg, 146 App. Div. 537; Willcox v. Harriman Securities Corporation, 10 F. Supp. 532; Litwin v. Allen, 168 Misc. 205; see, General Corporation Law, § 61, as amd. by L. 1944, et. 667.)” (Law v. Smith, supra, p. 706). Accordingly, the first branch of the motion must be and is denied.
In view of the afore-mentioned disposition, the third and fourth branches of the motion are likewise denied since it *632 appears that collectively all five individual plaintiffs own more than 5% of the outstanding shares of stock in each corporate defendant, and consequently are not required to give the security required by section 61-b of the General Corporation Law.
In turning to the second and final branch of the motion the court is confronted with defendants’ contention that this action is for corporate waste and injury to corporate property and is governed therefore by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 7; § 48, subd. 8).
By a new and specific Statute of Limitations enacted in 1942 relating solely to actions against corporation officers and directors, whether ‘ ‘ legal or equitable ’ ’, all claims for an accounting for wrongful profits in the nature of money had and received or to procure judgment on the ground of fraud or to recover a penalty or enforce a liability created by common law or statute were barred six years after the occurrence of the transactions complained of, unless the claim was to recover damages for waste or for injury to property of the corporation, whether or not an accounting was sought in connection with such claim, this latter group being subject to a three-year period of limitation. (Civ. Prac. Act, § 48, subd. 8; Gottfried v. Gottfried, 269 App. Div. 413.)
Bearing in mind that the transaction complained of herein was completely concluded in July or August, 1952 as contended by defendants, and that the within action was not commenced until October 20, 1955 or November 4, 1955 it would appear that such a three-year Statute of Limitations would be a bar to this action. However, plaintiffs strongly urge that the action is for money had and received and is governed by the six-year portion of subdivision 8 of section 48 of the Civil Practice Act since the action is based upon misconduct other than that of waste or injury to corporate property.
In the resolution of this question, the court must perforce adhere to the general rule that in “ applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name ”. (Brick v. Cohn-Hall-Marx Co., 276 N. T. 259, 264.) Giving the allegations of the complaint herein the inferences most favorable to plaintiffs, which is required on a motion of this kind and character, it would appear that the gist of the complaint is that the individual defendants used corporate funds for their own benefit in settling the aforementioned lawsuit in July or August, 1952, and that plaintiffs are now attempting to follow the corporate assets allegedly diverted into the hands of the individual defendants. Said *633 defendants are charged with having benefited by the nse of corporate funds to the extent of relieving themselves of personal obligations. In this posture of the case, the law seems clear that the six-year period found in the afore-mentioned statute (Civ. Prac. Act, § 48, subd. 8) applies and not the three-year period. (See Augstein v. Levey, 3 A D 2d 595, modfg. 156 N. Y. S. 2d 594; Singer v. State Laundry, 188 Misc. 583, supra; Myer v. Myer, 271 App. Div. 465, affd. without opinion 296 N. Y. 979; Gottfried v. Gottfried, 269 App. Div. 413, supra; Coane v. American Distilling Co., 298 N. Y. 197, 206, 207; Wagner v. Armsby, 264 App. Div. 379.)
Accordingly, in the light of the afore-mentioned, defendants’ motion is in all respects denied, with leave to defendants to answer within 10 days after the service of a copy of the order to be entered hereon with notice of entry thereof, and to allege in the answer, as a defense, if so advised, the facts alleged in support of the first branch of the motion, and to set up in said answer by way of defense the Statute of Limitations with respect to the second branch of the motion (Buies Civ. Prac., rule 108).
Settle order on notice.