Henry Clay Greenberg, J.
Defendants ’ motion to dismiss the complaint for alleged insufficiency and incapacity of plaintiff to sue for the relief demanded therein is based on the following specific grounds: (1) that a pledgee of corporate stock does not have legal capacity to maintain a derivative suit on behalf of the corporation; and (2) that the complaint fails to show affirmatively that the plaintiff was a stockholder at the time of . the transaction (General Corporation Law, §¿61).
While, as hereinafter indicated, the complaint requires amendment, defendants’ stated grounds of objection cannot be legally sustained.
A pledgee of corporate stock, who receives an assignment of shares as security for a debt, has- a right therein to the full extent necessary to protect the indebtedness, and may sue in equity to preserve the corporate property and to prevent its passing out of the hands of the corporation (Campbell v. American Zylonite Co., 122 N. Y. 455; see 12A Fletcher’s Cyclopedia Corporations [Perm, ed.], § 5651). “ He may also sue in equity to prevent a fraudulent sale and transfer of the assets of the corporation, whereby the stock pledged would be rendered valueless ” (12A Fletcher’s Cyclopedia Corporations [Perm, ed.], § 5651 p. 438, citing, among others, Murrin v. Archbald Cons. Coal Co., 196 App. Div. 107, affd. 232 N. Y. 541). In Kono v. Roeth (237 App. Div. 252) it was said that plaintiff, a pledgee, not only had the right to bring a derivative action for a wrong done to the corporation but, under the facts of that case, had an additional and individual remedy against his pledgor for unlawful acts causing a depreciation of the stock held by him. There appears to be no question as to the legal capacity of a pledgee to maintain in a proper case a stockholders ’ derivative action on behalf of the corporation.
Concerning the second ground ■ — that plaintiff may not complain of transactions occurring prior to its receipt of the stock pledged — it appears that the complaint alleges acts prior as well as subsequent to the date when the stock was allegedly assigned to plaintiff. Plaintiff, however, claims a continuing wrong on the part of defendants.
Although, in its present form, the complaint fails to state facts sufficient to. establish the claim of a continuing wrong, it appears from it and supporting papers that such claim can be here pleaded. It will be necessary to relate prior acts as merely the inception of a wrong continuing even after plaintiff’s acquisition of the stock, with appropriate allegations clearly indicating the intention of the pleader to rely on the wrong com *441 mitted at the time of and after the pledge to plaintiff and to allege relevant prior facts solely ‘ ‘ hy way of inducement or historical background tending to show the existence of continuing wrongs ’ ’ (Austin v. Gardiner, 188 Misc. 538, 539; see Milton v. Krivit, 82 N. Y. S. 2d 38).
It'is stated in a supporting affidavit that plaintiff received on June 10, 1957 this stock constituting 50% of the outstanding stock of the corporation as a pledge for an existing indebtedness. The complaint charges that a wrongful and fraudulent action to foreclose a mortgage on the corporation’s property, which is sought to be restrained as the principal item of relief, was commenced on July 18,1957, by defendant Dorothy Brown, daughter of defendant Neidoff and wife of defendant Sidney Brown, the latter two being the owners of the remaining 50% of the corporation’s stock. It is alleged, in effect, that these two defendants have had since February, 1955 active charge and management of the corporation’s property and have pretended or feigned a default, although the corporation had sufficient net income and assets to make such payment, in order to permit a default judgment to be procured with consequent forced sale of the property to the injury of the corporation, and thereby the plaintiff, and to the advantage of defendants.
It is clear that a default by a mortgagor is a continuing condition which may be cured by payment with interest prior to commencement of the action and, under certain conditions, even after judgment. If the corporation had available funds or should, except for defendants’ alleged wrongful acts, have had same, payment of the sum due on the mortgage should have been made prior to suit, even if there was a default on due date some time prior thereto. If, as claimed, plaintiff received this stock prior to commencement of the foreclosure action, its status to complain of the continuing default in payment by the corporation, paving the way for judgment of foreclosure and sale to be entered by default, assuming it establishes the necessary facts, may not be challenged on the ground that it was not a stockholder at the time of the transaction of which it complains. The transaction is the allegedly deliberate ‘' default ’ ’ — one entire transaction from original date of default to date of foreclosure sale, and possibly even thereafter to include the time within which redemption may be enforced.
But the complaint must set forth the date and nature of plaintiff’s acquisition of stock and indicate that plaintiff limits its requests for relief to wrongs thereafter committed, the recital of prior events being only for the limited purposes afore-men *442 tioned. Moreover, the corporation on whose behalf the action is prosecuted and which is entitled to whatever relief is granted, is a necessary party defendant to be brought in by supplemental summons.
The motion to dismiss the complaint is accordingly granted with leave to serve an amended complaint in accordance with the foregoing determination within 20 days after service of a copy of the order to be settled hereon with notice of entry.
Settle order.