Owen McGivern, J.
In this stockholders’ derivative action, certain of the defendants move to dismiss the complaint, or portions thereof upon the ground that plaintiffs were not stockholders at the time of the acts of which complaint is made.
The complaint specifically alleges that each plaintiff complains only of acts occurring since he became a stockholder. The plaintiff Gittleman alleges he became a stockholder January 14, 1955. While his record ownership has not been continuous since that date, the answering affidavits show without dispute that he has been the equitable owner of stock either in street names or in his own name at all times since October 25, 1954. “ One who is an equitable owner of shares of stock in the corporation at the time of the commencement of the suit and at the time of the transactions of which she complains has the legal capacity to sue on behalf of the corporation, (Miller v. Miller, 256 App. Div. 846, affd. 280 N. Y. 716; Baum v. Sporborg, 146 App. Div. 537; Willcox v. Harriman Securities Corporation, 10 F. Supp. 532; Litwin v. Allen, 168 Misc. 205; see, General Corporation Law, § 61, as amd. by L. 1944, eh. 667.) ” (Law v. *835 Smith & Sons Carpet Co., 271 App. Div. 705, 706 [1st Dept., 1947]; see, also, Benson v. Braun, 141 N. Y. S. 2d 286, 289-290 [1955], affd. 286 App. Div. 1098 [2d Dept., 1955].)
The complaint further alleges a conspiracy instituted some time in 1954, but no overt acts pursuant to the conspiracy until about August, 1955. Those overt acts may be regarded as the wrongs complained of and the conspiracy mere historical background (cf. York Props. v. Neidoff, 10 Misc 2d 439, 440-441 [1957, Greenberg, J.] and cases cited). There is thus no lack of capacity to sue on the part of plaintiff Gittleman.
As regards the plaintiff Berman, the complaint alleges that he became a stockholder June 24, 1958. The evidence on the instant motion indicates that the certificates he claims to have acquired were on that date subject to an attachment in Canada, that although an agreement for their release was executed that day they were not in fact released until June 25, 1958. He claims that one Sherwood, the defendant in the Canadian action, called him on June 24, and told him that he (Sherwood) was giving the certificates to plaintiff Berman, and that Sherwood made delivery about 10 days thereafter.
The exact date plaintiff became owner of the stock may be determined at the trial. It is sufficient for present purposes to note (1) that the complaint alleges overt acts in 1959 and (2) that it is stated in the complaint that each plaintiff complains only of acts occurring while he was a stockholder. Under such circumstances, there is no basis for a motion to dismiss under subdivision 2 of rule 107.
Three defendants also move to compel the separate statement of alleged causes of action. No reference to this branch of the motion is made in the moving brief of said defendants nor does any justification therefor appear. It is therefore denied.
The defendant Doyle also moves to strike out portions of the complaint under rule 103, upon the same grounds as he moves under subdivision 2 of rule 107. For the reasons stated above, this motion must be denied.
The motions are accordingly denied in all respects, with leave to defendants to assert in their answers the facts alleged in support of the motions.