512

ALESSANDRINA RUZZO et al., Appellants, *v.* KINGSTON TRUST COMPANY, as Executor of GEORGE F. KAUFMAN, Deceased, et al., Respondents.

Third Department, May 16, 1960.

*Charles A. Ellis* and *Harry D. Graham* for Alessandrina Ruzzo and others, appellants, and for 23–27 Grand St., Inc., appellant appearing specially.

*Floyd W. Powell* (*George Rusk* and *John E. Egan* of counsel), for Kingston Trust Company, respondent.

*N. Le Van Haver* and *Ward W. Ingalsbe, Jr.*, for Herzberg & Herzberg, respondents.

GIBSON, J. Plaintiffs appeal from a judgment, in some part favorable to them, which determines that certain realty was held in the name of defendant's testator in trust, "for the benefit of 23–27 Grand Street, Inc., and himself" and, in general, directs that, upon the making of certain payments to defendant and to others and upon the performance of certain other conditions, the realty be conveyed to that corporation and the capital stock of the corporation, now standing in the

names of testator and his nominees, be transferred to certain of the plaintiffs.

The facts may be stated in broad outline. On and prior to March 22, 1952 certain of the present plaintiffs held all the shares of Kingston-Midtown Corporation which in turn owned realty in the City of Kingston which was known as the Bowlatorium property and is the subject of this action. On that date a judgment was entered foreclosing a mortgage upon the property and at or about that time the plaintiffs concerned retained defendant executor's testator, Geroge F. Kaufman, an attorney, to endeavor to save the property for them. To that end 23–27 Grand Street, Inc. (hereinafter referred to as "the corporation") was organized to bid for the property on the foreclosure sale and, if successful, to hold it; and 148 of its 150 authorized shares were issued to testator and the remaining shares to his nominees. It is admitted by the answer that the stock was thus issued solely for the benefit of the plaintiffs, two of them having contributed to the new corporation cash of $15,000 to be available for payment of the required percentage of a successful bid, and others of them having assigned to the corporation judgments in excess of $150,000 held by them against Kingston-Midtown Corporation. The purpose of these assignments was to strengthen the position of the new corporation in bidding for the property and in financing a purchase, but it is not disputed that one result was that when the new corporation became the successful bidder and acquired the property, as it did, the liens of the judgments merged in the fee. Thus there existed no effective legal record, upon the judgment docket or upon the corporation's stock book, of plaintiffs' interest or investment.

After the foreclosure sale, the corporation encountered difficulty in financing the purchase but that was finally accomplished upon the acceptance by Kingston Trust Company (which, in its fiduciary capacity, is the defendant here) of a $110,000 mortgage upon the premises, accompanied by testator's personal guarantee of payment, which was clearly prerequisite to the granting of the loan. The mortgage was executed on May 7, 1952. The property produced no income then or until February 1, 1954. Despite testator's repeated demands upon plaintiffs and his various attempts to negotiate with them a disposition of the title and the property interests as between plaintiffs and himself, the plaintiffs failed to pay any of the carrying charges or any of the installments of mortgage principal and interest as they became due and testator from time to time advanced funds for both purposes. On November 24, 1953 testator caused

the corporation to convey the real property to him, subject to the existing mortgage and tax liens and in consideration of his advance of an additional $6,000 for payment of defaulted taxes and the cancellation of notes aggregating $11,792.70 and representing his prior advances. These and subsequent advances aggregated $24,426.45. After thus obtaining title, testator negotiated a lease of the property for two years, later extended to five years, from February 1, 1954 at $26,400 per year. The rental payments were collected by him until his death on August 1, 1955 and by the defendant executor thereafter and from these receipts were paid the expenses of the property, including the amortization of the mortgage. There remained unexpended in the rent account as of January 5, 1959 (the last month of the lease) the sum of $15,168.13. As of January 1, 1959 the mortgage had been reduced to $68,750. The court below found that the value of the real property has at all the times here involved been in excess of $275,000.

There is little or no dispute as to these salient facts, which are, in any event, quite evident. Consequently our approach is to the propriety of the relief granted.

After adjudging that testator held the real property "as trustee for the benefit of 23–27 Grand Street, Inc., and himself", the judgment directs the reconveyance of the real property to the corporation and the transfer of the shares of the corporation to the plaintiff Guerino Ruzzo and the plaintiff trustees, upon the performance of certain conditions, including the payment (by the corporation or, in default thereof, from the proceeds of a judicial sale of the realty) of certain amounts determined by the judgment. The payments to be made include those to the defendant executor of $30,041.89 for advances made by testator (that sum being inclusive of interest to March 31, 1957) and of $25,000 for attorney's services rendered by testator, judgment therefor being awarded upon the counterclaim. In addition, the judgment incorporates the material provisions of the order, also appealed from, which, in pursuance of section 475 of the Judiciary Law, determines plaintiffs' former attorneys, the respondents Herzberg, to be entitled to $20,500 for their services in the action, establishes a lien in that amount and directs that in the event of a judicial sale the lien be paid from the proceeds. It is also provided in the judgment that upon the reconveyance directed, the corporation shall indemnify testator's estate from claims and liabilities arising out of his holding title and operating the property, "including all tax liabilities arising out of the operation and the conveyance and re-conveyance thereof"; and the defendant executor is author-

ized and directed to retain the sum of $15,168.13 (constituting the rent account above referred to), to deduct therefrom "its commissions at the rate allowed by law", to "pay income taxes" and to hold the balance for payment of the other liabilities against which the indemnification above referred to was provided, any balance then remaining in the fund to be paid to the corporation. Other provisions of the judgment, while important to the preservation of the property and to the rights of the parties, are not relevant to the particular legal issues in controversy and need not be discussed.

We find unavailing, under the peculiar circumstances of this case at least, appellants' argument that the corporation was improperly joined as a party pursuant to stipulation made upon the trial and that the judgment is not binding upon it. Clearly the corporation was an indispensable party, but an action may not be defeated by the nonjoinder of such a party, who may be added "by order of the court at any stage of the cause as justice may require". (Civ. Prac. Act, §§ 192, 193.) Defendant objected to the nonjoinder shortly after the trial had commenced and it was thereupon stipulated in open court that the corporation be made a party to the action and be bound by the result and it was so ordered upon the minutes. The attorney for the defendant executor, which held legal or record title to all but two shares of the capital stock, was also authorized by the two remaining stockholders and only surviving directors to make the stipulation and, of course, plaintiffs' attorney represented the beneficial or equitable owners of all the shares. Further, in proffering the stipulation, defendant's attorney said, "If the other parties, who may be the beneficial owners of that stock wish to raise any objection I believe your Honor should pass on it at this time before we go into the corporation's business." Instead, plaintiffs' attorney agreed to the stipulation. Plaintiffs could, of course, have joined the corporation but, further, there is authority for suit by equitable owners on behalf of the corporation (*Croen* v. *Gottlieb*, 8 Misc 2d 628, 631, and cases there cited). In either case there could, and doubtless would have been representation by the same attorney of the identical interests involved, and the requirement that a corporation appear by attorney (Civ. Prac. Act, § 236) must in this case be deemed satisfied by the appearance of the counsel for plaintiffs, the stockholders. Certainly, plaintiffs have no just complaint that their omission to join a party, without which their action would have failed, was cured by the stipulation. If, however, it should be considered that the corporation was not an indispensable party, it might follow that the

effect of the relief granted by the judgment as against the corporation, the ultimate impact of which is, of course, upon the plaintiffs, might in this equitable action have been as readily accomplished, or even now be effectuated in this court, by the imposition upon plaintiffs of conditions leading to the same end results; but we do not reach this question.

Disposition being made of the procedural question, we go to the merits.

One of the basic findings is that the deed was taken by decedent "to protect his interests in the property described therein and the interest of 23–27 Grand Street, Inc. therein." We find no support in the record for the finding as respects the interest of the corporation and therefore disapprove it. It is clear that the transaction was intended to be, and was for the sole benefit of testator, and that it constituted an attempt by an improper procedure to enforce payment of the corporation's indebtedness to him. It does not follow, and does not seem to be seriously urged, that the indebtedness to testator for advances made by him in consequence of his guarantee was extinguished. In fact, plaintiffs allege in paragraph " Eighteenth " of their reply: " That the plaintiffs at all times have been and still are willing and ready to pay to decedent or defendant any sums lawfully owing decedent's estate for monies advanced by decedent in their behalf and relieve decedent's estate of any guarantees to the said Kingston Trust Company on the mortgage covering said ' Bowlatorium Property ' as soon as the defendant reconveys said ' Bowlatorium Property ' and stock to 23–27 Grand Street, Inc. or the plaintiffs." The amount is not in dispute, and defendant is entitled to recover $30,041.89, with interest.

The award of attorney's fees to the date of testator's death was improper, however. It is clear that testator's interest became adverse to that of the corporation and to those of plaintiffs, its beneficial owners, no later than August 18, 1952 when his first advance was made and when, whether by subrogation under his guarantee or by virtue of the corporation's note, he became a creditor. We find the value of his services rendered prior to August 18, 1952 to be $5,000, for which defendant is entitled to judgment, and hold that no recovery may be had for services beyond that date. (Cf. *Eisemann* v. *Hazard,* 218 N. Y. 155, 159; and see, also, *Meinhard* v. *Salmon,* 249 N. Y. 458, 463–464; *Silbiger* v. *Prudence Bonds Corp.,* 180 F. 2d 917, 920–921, cert. denied 340 U. S. 813.)

Similarly, and as a further result of our disapproval of the finding that testator held title in part to protect the interest

of the corporation, it follows that the management services of the defendant executor, for which commissions payable from the rentals fund have been allowed, were not rendered for the benefit of the corporation but for that of testator's estate, by effecting the reduction of the liability incurred by him as guarantor and the preservation of the security. Consequently, the provision for payment of commissions was improper for these reasons, regardless of any other objections to its validity.

We consider that the trial court, in the exercise of its equitable powers, was warranted in conditioning the reconveyance of the realty upon the corporation's indemnification of testator's estate insofar as the indemnity should relate to charges and liabilities arising out of the management and rental of the realty; but our finding with respect to the transfer renders improper the provision for indemnity in respect of " all tax liabilities " arising out of " the conveyance and reconveyance thereof ", this provision apparently relating to testator's personal tax liability, as for capital gains. We find unwarranted, also, the requirement that the $15,168.13 balance in the rental account stand as security for the performance of the conditions, including indemnification, imposed by the judgment, although comparable protection will be afforded the estate as an incident of the additional accounting which must be had. Plaintiffs were entitled under the pleadings to a complete accounting but that which was had extended only to the date of decedent's death and remittal must be had to complete it, the action to be severed accordingly. The rental fund may be retained by defendant executor until the completion of the accounting, upon or during which all proper and then known charges against the fund may be paid, the balance then to be paid over.

Under all the circumstances, including the identity of the corporation's interest with that of plaintiffs, the transfer of the corporate stock was properly directed to be made simultaneously with the conveyance of the realty and upon the same conditions.

The attorneys' lien of the respondents Herzberg was properly fixed and determined pursuant to proper and sufficient stipulation entered into in open court.

The conclusions which we have reached render unnecessary our consideration of the additional contentions presented upon the argument and by motion.

The judgment should be modified, on the law and the facts, to reduce the amount awarded by the second decretal paragraph to $35,041.89 and interest; to delete the provision in the fifth decretal paragraph with respect to tax liabilities arising out

of the conveyance and reconveyance of the realty; to delete the sixth decretal paragraph; to remit to the Trial Term plaintiffs' cause of action for an accounting insofar as the same relates to the period subsequent to August 1, 1955, the action to be severed accordingly; and, as so modified, the judgment should be affirmed, with costs to plaintiffs-appellants. The order entered May 8, 1959 should be affirmed, with costs to respondents Herzberg. The order entered May 22, 1959 should be affirmed, without costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, to reduce the amount awarded by the second decretal paragraph to $35,041.89 and interest; to delete the provision in the fifth decretal paragraph with respect to tax liabilities arising out of the conveyance and reconveyance of the realty; to delete the sixth decretal paragraph; to remit to the Trial Term plaintiffs' cause of action for an accounting insofar as the same relates to the period subsequent to August 1, 1955, the action being severed accordingly; and, as so modified, judgment affirmed, with costs to plaintiffs-appellants. Order entered May 8, 1959 affirmed, with costs to respondents Herzberg. Order entered May 22, 1959 affirmed, without costs. Settle order.