## 21460

Leroy E. WARD, Appellant, v. ATLAS CONSTRUCTION COM-
PANY, INC., Joan F. Young, a/k/a Joan F. Young Martin, in-
dividually; Joan F. Young, a/k/a Joan F. Young Martin, as Exe-
cutrix of the Last Will and Testament of James E. Young; Polly
Mathaney; Sharri Lilly, individually; Sharri Lilly, as Trustee for
Chad Lilly; and Sharri Lilly as Executrix of the Last Will and
Testament of J. C. Lilly, Defendants, of whom Joan F. Young,
a/k/a Joan F. Young Martin, individually and Joan F. Young,
a/k/a Joan F. Young Martin, as Executrix of the Last Will and
Testament of James E. Young, is the Respondent.
(278 S. E. (2d) 621)

*McCaskill & Rowe, Conway,* and *Ham & Richardson,* Columbia, *for appellant.*

*Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondent.*

May 25, 1981.

GREGORY, Justice:

Appellant Leroy E. Ward brought this shareholder's derivative suit seeking access to the corporate records of defendant Atlas Construction Company, Inc., and an accounting of corporate profits. The trial judge dismissed the action and this appeal followed. We reverse.

The court below found appellant lacked standing to sue as an individual in a derivative action since the alleged wrong was suffered by the corporation. This was error.

> In a derivative action in this state the stockholder is the nominal plaintiff and the corporation is the real party in interest. *Johnston v. Baldwin,* 221 S. C. 141,

69 S. E. (2d) 585 (1952). Appellant's complaint plainly alleges that he is a shareholder and

"That the plaintiff . . . brings this action derivatively on behalf of and for the benefit of Atlas."

By further allegation appellant contends:

"That no demand has been made on the corporation to institute this action on its own behalf because such act would be futile, inasmuch as it is presently solely dominated and controlled by the defendant, Sharri Lilly . . ."

Without the nominal plaintiff no action would be brought in the corporation's behalf. In the face of the above allegations the trial judge erred in finding appellant lacked standing.

As a further ground for his order of dismissal the trial court found appellant had no standing to sue respondent Joan F. Young, a/k/a Joan F. Young Martin, because respondent was not a shareholder at the time appellant acquired his shares, or at any time thereafter. No authority was cited in the order below or by respondent for this proposition.

Appellant's complaint alleges respondent, in her individual capacity, "unlawfully diverted and disposed of funds of Atlas" for her personal gain. The complaint further alleges wrongs against the corporation perpetrated by respondent in her fiduciary capacity. It appears undisputed respondent was a shareholder of Atlas stock at one time.

We see no reason why appellant "lacks standing" to sue respondent in a derivation action in light of the foregoing allegations. Moreover, the record reveals appellant was the equitable owner of his stock, even though he did not possess the certificates, at the time respondent was a shareholder. An equitable owner of corporate stock may maintain a derivative action. 13 Fletcher, Cyc. Corp. (Perm. Ed), § 5976, at p. 457. The dismissal on this ground was again error.

Finally, the trial judge erred by holding that this action, which he characterized, mistakenly we think, as one for conversion and/or fraud and deceit, had abated with the death of the testators of defendants-executrixes Young and Lilly, pursuant to Section 15-5-90, Code of Laws of South Carolina (1976).

That statute, which allows the survival of certain causes of action, adds to but does not curtail those actions which survive at common law. The nature and substance of the cause of action, rather than the form of the remedy, determine its ability to survive. *Page v. Lewis,* 203 S. C. 190, 26 S. E. (2d) 569 (1943). C. J. S. Abatement and Revival § 133, page 180. Considering the nature and substance of this action, we find it to be an equitable one. It in essence seeks disclosure of the corporate records and an accounting of profits diverted by fraud against the corporation. This action, falling within the jurisdiction of equity, does not abate at common law, *Page v. Lews, supra,* C. J. S. Abatement and Revival § 134, page 182, and is therefore maintainable irrespective of § 15-5-90.

Accordingly, the order appealed from is reversed. The case is remanded for trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.