[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 7, 1996
On July 3, 1996 this court granted a Motion to Dismiss this derivative stockholder's action holding that a beneficial interest in the stock of the corporation was not sufficient to confer standing on the Plaintiff [17 CONN. L. RPTR. 357].
That decision was based largely on the reasoning in the Delaware Supreme Court case of Enstar Corp. v. Senouf,535 A.2d 1351 (Del.Sup. 1987]. CT Page 6306
On July 29, 1996, Plaintiff moved for reconsideration of the decision which motion was heard on September 3, 1996. The written and oral arguments have persuaded this court that the Enstar case was neither appropriate controlling authority in view of prevailing case law, including a subsequent Delaware decision, nor a reliable basis for this court's decision because it was an appraisal action rather than a stockholder's derivative action.
In Anadarko Petroleum Corp. v. Panhandle Eastern Corp.,545 A.2d 1171 (Del. 1988), the Delaware Supreme Court has held subsequent to Enstar that an "equitable owner of stock is a `stockholder' for purposes of maintaining a derivative action in a court of equity."
This view is in accord with decisions in other states.
In Gustafson v. Gustafson, 734 P.2d 949, 953 (Wash.App. 1987), the court stated that "most cases hold that one may be a stockholder for stockholder derivative suit purposes if he holds a mere equitable interest." In Ward v. Atlas Const.,278 S.E.2d 621, 622 (S.C. 1981), the court also held that an equitable owner of corporate stock may maintain a derivative action. In New York, it has been held that "one who is an equitable owner of shares of stock in the corporation at the time of the commencement of the suit and at the time of the transactions of which she complains has a legal capacity to sue on behalf of the corporation."Gittleman v. Doyle, 194 N.Y.S.2d 401 (1959).
Finally, it is noted that in Steinberg v. Hardy, 90 F. Sup. 167,171 (D.Conn. 1950), the Connecticut District Court held that an equitable owner of shares could maintain a derivative action.
Consideration of these authorities called to the court's attention, supports the proposition that equitable ownership of stock is sufficient to create standing in the holder for the purposes of maintaining a shareholder derivative action. Since Plaintiff has equitable ownership of her shares, and has maintained ownership at least as an equitable owner. "continuously and uninterruptedly," her standing to bring this action should have been, and now must be, upheld.
 II
However, defendants further maintain that Plaintiff is not a "fair and adequate representative" of the shareholders, because CT Page 6307 she has significant interest in similar action brought against the bank by her husband, whom Defendants contend is the driving force behind the present case. Defendants' cite the fact that Plaintiff has not named her husband as a defendant in the present action, even though he was a director of the bank who voted in favor of some of the actions complained of. This issue presents a question of fact to be determined at trial, but is not a sound basis on which to grant Defendants' Motion to Dismiss.
Accordingly, this court reconsiders and vacates its decision dated July 3, 1996 and now denies defendants' Motion to Dismiss.
WAGNER, J.